The State, ex rel. Smith, *v.* Friedman, Judge, et al.

[Cite as State, ex rel. Smith, v. Friedman (1970),
22 Ohio St. 2d 25.]

(No. 69-800—Decided April 8, 1970.)

*Mr. Stephen J. Knerly,* for relator.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Harvey R. Monck,* for respondents.

O'Neill, C. J. The relatrix filed an action in partition in the Common Pleas Court of Cuyahoga County on June 5, 1969, seeking partition of the property jointly owned by the relatrix and her husband.

Relatrix's husband filed a divorce action on Septem-

ber 8, 1969, in which a court-imposed property settlement would invoke relatrix's interest in the real estate described in her partition action. That same day the husband filed a motion to dismiss the partition action or, in the alternative, to enjoin further proceedings in that action.

The respondent trial judge entered the following order in the partition action:

"Defendant's motion to dismiss partition action overruled. Proceedings stayed in this action until final disposition of the divorce matter between the parties."

Relatrix takes the position that the trial court had no right to enter that order in the partition action. Relatrix contends that since the partition action was filed first, the court is required to proceed in that action. She argues that the filing of the subsequent divorce action does not deny the court jurisdiction in the partition action.

The order of the trial court in the partition action does not assert that the court has no jurisdiction as a result of the filing of the divorce action. The court retained jurisdiction by its order, but stayed the proceedings in the partition action until the divorce action is determined.

The question to be determined by this court may be stated as follows: Did the trial court have the power to stay the proceedings in the partition action until a determination was made in the divorce proceedings?

The question as to whether a stay of proceedings shall be granted until the determination of another case ordinarily lies within the sound discretion of the court. The action of the court in staying the partition proceedings was logical and proper. The divorce court has jurisdiction to determine the property rights between the parties. That court can make a division of the property.

If the divorce court should determine that one of the parties in the divorce action is entitled to all of the property, there would then be no reason for the partition action to proceed. If the divorce court should determine to take no action in relation to the property, the partition action could then proceed.

Should the partition action be ordered to proceed

prior to the determination of the divorce action, any determination made in the partition action could be rendered null and void if the divorce court should determine that either of the parties is entitled to the whole of the property involved in the partition proceeding. In fact, the divorce court could, in effect, compel a partition by ordering an equal division of the property involved in the partition proceeding.

The parties can receive full and complete relief in the divorce court, while only partial relief with regard to partition of property may be had in the partition action and any judgment in the partition action can be made ineffective by the orders of the divorce court with regard to the disposition of property.

Where only partial, or possibly ineffective, relief may be granted in one action, while full relief may be granted in a subsequent action, the trial court in the original case may stay proceedings in that case pending outcome of the subsequently filed action.

Procedendo is a high prerogative writ of an extraordinary nature which will not be granted unless there is a clear legal right to such relief. *State, ex rel. Haun,* v. *Hoffman,* 145 Ohio St. 31, 33. (See the fourth paragraph, page 33.)

No such clear legal right has been shown in the instant case. Therefore, the demurrer is sustained and the writ of procedendo is denied.

*Writ denied.*

LEACH, SCHNEIDER, DUNCAN and CORRIGAN, JJ., concur.*

HERBERT, J., concurs in paragraph two of the syllabus and in the judgment.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

---

*CHIEF JUSTICE TAFT participated in this case which was, however decided after his death.

28

HERBERT, J., concurring. I concur in paragraph two of the syllabus and in the judgment, but have considerable reservation concerning the breadth of the first paragraph of the syllabus.

In some of our courts there are two- and three-year delays between the filing of an action and the rendition of the judgment therein. Hence, it seems particularly inappropriate to announce a principle of law which permits the entry of a non-appealable stay order against a party, whose long awaited day in court has finally arrived, on the grounds that the relief he seeks *may possibly* be ineffective or *may* be partial, and that his opponent has filed an action, to be heard after years more of delay, which *may* bring full relief.

I would much prefer a holding which was restricted to the facts of this case, and which settled only the question of whether a clear legal right to the action sought existed under those facts.