THE STATE, EX REL. BROWN ET AL., *v.* SHOEMAKER, JUDGE.*

[Cite as State, ex rel. Brown, *v.* Shoemaker (1988), 38 Ohio St. 3d 344.]

(No. 87-1275—Submitted July 5, 1988—Decided September 7, 1988.)

*Richard F. Swope,* for relators.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Catherine M. Cola,* for respondent.

*Per Curiam.* The parties to this action have failed to submit briefs to further delineate their respective positions with regard to the propriety of this court's issuing the prayed-for writ of procedendo. Nevertheless, we find that the parties have submitted sufficient pleadings to allow this court to make an informed decision on whether to issue the writ.

Respondent contends that this action is barred by the equitable doctrine of laches. However, based on the facts and circumstances before us, we cannot agree.

Based on the amended complaint filed in this action, it is alleged that the action in the Court of Claims was filed on or about January 16, 1986, and the stay was issued by the Court of Claims

---

* This court has *sua sponte* substituted Judge Fred J. Shoemaker as a party upon the untimely death of Judge Leonard J. Stern.

on February 22, 1986. In his answer, respondent admits that by motions made on March 19, 1986, and December 12, 1986, the relators renewed their objections to the stay issued by the Court of Claims. In addition, it should be noted that the instant action was filed on July 28, 1987. Based on these circumstances, we do not believe that relators have been dilatory in asserting their rights. As this court stated in *Thirty-Four Corp.* v. *Sixty-Seven Corp.* (1984), 15 Ohio St. 3d 350, 15 OBR 472, 474 N.E. 2d 295, paragraph two of the syllabus:

"Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim. (*Smith* v. *Smith,* 168 Ohio St. 447 [7 O.O. 2d 276], paragraph three of the syllabus, followed.)"

In our view, respondent has failed to show material prejudice brought on by any alleged delay by the relators in attempting to have the stay in the Court of Claims removed. Therefore, we find respondent's laches defense to be without merit.

Having disposed of the laches issue, we consider whether relators have a clear legal right to have the Court of Claims proceed, or whether respondent is justified in staying the proceedings under R.C. 2743.02(D) because of the possibility of a collateral recovery by relators in the court of common pleas.

This court has held that a writ of procedendo will not issue unless the relator establishes a clear right to that relief, *State, ex rel. Smith,* v. *Friedman* (1970), 22 Ohio St. 2d 25, 51 O.O. 2d 41, 257 N.E. 2d 386; and that the relator has no adequate remedy at law,

*State, ex rel. Ruggerio,* v. *Common Pleas Court* (1963), 175 Ohio St. 361, 25 O.O. 2d 258, 194 N.E. 2d 850.

We believe that relators have sufficiently shown their right to have the writ of procedendo issue and that respondent's stay based on the collateral recovery rule of R.C. 2743.02(D) is not warranted under the pleadings submitted.

In *State, ex rel. Wallace,* v. *Tyack* (1984), 13 Ohio St. 3d 4, 13 OBR 379, 469 N.E. 2d 844, this court was confronted with a similar situation where the Court of Claims issued a stay pending the outcome of the court of common pleas action in order to comply with the collateral recovery rule. In rejecting the respondent's argument as to the propriety of the stay in the Court of Claims based on the collateral recovery rule, this court stated at 5, 13 OBR at 380, 469 N.E. 2d at 846:

"A judgment against Wallace or Racey in the common pleas court proceeding arising from their negligence is not necessarily a collateral source of recovery for damages alleged to be caused by the hospital. Even if the rule would apply in this situation, its enforcement does not require a delay of the trial. Rather, the case could proceed to trial and the amount of any judgment would be held subject to reduction upon the outcome in the other proceeding."

We find our reasoning in *Wallace, supra,* to be applicable here, and therefore we hold that the collateral recovery rule contained in R.C. 2743.02(D) does not compel a stay of proceedings in the Court of Claims on relators' complaint.

Since relators have shown that they have a clear legal right to have their claims litigated without undue delay, their request for a writ of procedendo is hereby allowed.

*Writ allowed.*

MOYER, C.J., SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., concur in judgment only.