OPINION
{¶ 1} Anthony Guerriero, Jr. ("appellant") appeals the July 27, 2001 judgment entry of the Ashtabula County Court of Common Pleas, staying the proceedings in the case now before us for review. The trial court's decision to stay the proceedings in the instant case was made upon review of a Motion to Change Venue, filed on July 10, 2001, by the Ohio Department of Rehabilitation and Correction ("appellees"). For the following reasons, we affirm the decision of the trial court in this matter.
{¶ 2} On February 10, 1987, appellant entered into a plea bargain with the Ashtabula County Prosecutor's office. In that plea bargain, appellant pled guilty to the crimes of attempted murder and abduction in exchange for the prosecution's dismissal of the kidnapping, aggravated robbery, gross sexual imposition, and attempted "aggravated" murder charges that were pending against appellant. As a result of that plea, appellant is serving an indefinite term of incarceration spanning twelve to thirty-five years.
{¶ 3} On January 12, 2000, appellant appeared before the Ohio Adult Parole Authority ("OAPA"). Pursuant to OAPA guidelines, appellant was denied parole. On September 20, 2000, appellant was again denied parole pursuant to the OAPA guidelines.[1] On December 21, 2000, appellant filed the underlying complaint for declaratory judgment and injunctive relief. In his complaint, appellant alleged that the OAPA guidelines required the parole board to improperly consider the crimes noted on appellant's indictment, as opposed to the crimes actually contained in appellant's plea agreement, in determining appellant's eligibility for parole. As a result, appellant claimed that the contractual rights arising from his plea agreement with the prosecutor had been breached.
{¶ 4} On January 18, 2001, appellees filed a motion to dismiss the instant case. A public defender was appointed to represent appellant on June 26, 2001. Appellees' motion to dismiss was denied on June 28, 2001. Subsequently, appellees filed a Motion to Change Venue on July 10, 2001. In their Motion to Change Venue, appellees argued that since the alleged breach of contract took place in either Lorain or Franklin County, Civ.R. 3(B) required the instant case be moved to either of those counties. As additional support for the change of venue, appellees made mention in their motion to the trial court of the fact that there is a class action pending on an identical matter in the Franklin County Court of Common Pleas. See, Ankrom v. Hageman, Franklin C.C.P. Case No. 01 CVH 02-1563. Appellees also noted in their motion that the class action inAnkrom was certified pursuant to Civ.R. 23(B)(2).[2] On July 19, 2001, the Ohio Public Defender filed a Motion for Leave to Withdraw as counsel for appellant due to a conflict of interest.
{¶ 5} On July 27, 2001, based upon the information contained in appellees' Motion to Change Venue, the trial court ordered that all proceedings in the instant case be stayed, "pending the determination of the Plaintiff's status as a member of the class in Ankrom, * * * and/or the disposition of that case." In ordering the stay, the trial court stated, "the ultimate disposition of the class action would seem to be dispositive of the Plaintiff's case before this court." Appellant subsequently filed a timely appeal and asserts four assignments of error for our review.
 {¶ 6} "[1.] The trial court errer (sic) to stay proceedings: while motion of appellant's counsel for leave to withdraw filed by the Ohio Public Defender is pending.
 {¶ 7} "[2.] The trial court erred to stay all proceedings: Denying appellant's right to justice without delay.
 {¶ 8} "[3.] The trial court erred to stay all proceedings, determined on outcome of the Ankrom v. Hageman class action, case no. 01CVH-02-1563 Franklin Co.; where class action cannot adequately represent the individual claims put forth by appellant in case no. 2000-CV-862.
 {¶ 9} "[4.] The trial court abused its discretion, granting request for stay, ex parte."[3]
{¶ 10} As all four assignments of error are based on the trial court's decision to stay the proceedings, we proceed to address them collectively.
{¶ 11} A trial court's decision to stay proceedings shall not be overturned absent an abuse of discretion. Glenmoore Builders, Inc. v.Kennedy (December 7, 2001), 11th Dist. No. 2001-P-0007, 2001 Ohio App. LEXIS 5449. An abuse of discretion is more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
{¶ 12} In his first and third assignments of error, appellant asks this court to address arguments pertaining to the unresolved issue of whether he is a member of the Ankrom class action suit under Civ.R. 23(B)(2). Appellant's class action status was not resolved by the trial court in this case and is therefore not an appealable issue. See, ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86. As a result, we decline to consider arguments pertaining to said issue as part of this appeal.
{¶ 13} At this point, we emphasize that the only issue of relevance before this court is whether or not the trial court abused its discretion in ordering a stay of the proceedings in the instant case.
{¶ 14} Appellant argues in his second assignment of error that, by waiting for the outcome of Ankrom, the trial court is denying appellant his right to have "justice administered according to law without denial or delay." Armstrong v. Duffy (1951), 90 Ohio App. 233. Armstrong is inapplicable to the instant case. The passage "* * * without denial or delay", as used in Armstrong, refers to the rights of employees to bring suit against their employers in a court of law despite their employer's attempts to keep them from doing so. Thus, Armstrong is easily distinguished from the instant case as appellant has already initiated an action in a court of law, and the action is one that appellant will be able to litigate to its conclusion.
{¶ 15} In his fourth and final assignment of error, appellant argues that the trial court abused its discretion by ordering the stay based on ex parte communications with appellees. The record indicates that appellees specifically directed the trial court's attention toAnkrom in their motion to change venue. Appellant was then served with said motion, containing the reference to Ankrom, and filed a response to said motion on July 17, 2001. As a result, appellant had sufficient opportunity to reply to appellees' reference to Ankrom in his July 17, 2001, response, but failed to do so. Based on the information contained in appellees' motion to change venue, the trial court subsequently exercised its discretion by issuing a stay order. There is nothing in the record that supports appellant's claim that the trial court's decision to stay the proceedings was based on ex parte communication with appellees.
{¶ 16} Courts have the power to stay proceedings pending resolution of potentially dispositive developments. State v. Hochhausler
(1996), 76 Ohio St.3d 455, 464; State ex rel. Smith v. Friedman (1970),22 Ohio St.2d 25. Said authority flows from the inherent power of the courts to control their dockets. Id. Among the factors that courts have held warrant a stay are "the efficiency and judicial economy that results from staying matters pending resolution of potentially dispositive developments." Zellner v. Bd. of Ed, of Cincinnati (1973),34 Ohio St.2d 199, 202.
{¶ 17} The record indicates that the class action filed in Ankrom
pertains specifically to breach of contract claims arising from the OAPA's interpretation of parole guidelines with respect to plea bargain agreements. The claims raised in Ankrom appear identical to the claims raised in the instant case. It is undisputed fact that the class inAnkrom was certified under Civ.R. 23(B). While we do not rule on the issue, we agree with appellees that appellant may be a member of theAnkrom class. Based on the potentially binding effects of the Ankrom
court's decision on the instant case, we hold that it was not unreasonable or arbitrary for the trial court in this case to stay the proceedings pending a decision as to appellant's status as a member of theAnkrom class, or an actual decision in the Ankrom case itself.
{¶ 18} Based on the holdings of Hochhausler, Friedman, andZellner, we find that the trial court did not abuse its discretion in staying the proceedings pending the outcome of the potentially dispositive developments in Ankrom. Furthermore, subsequent to the trial court's stay order on July 27, 2001, the Supreme Court of Ohio has since certified that a conflict exists between decisions issued by the Ohio Court of Appeals' Second and Third Districts on exactly the same issue contained in Ankrom and the instant case.[4]
{¶ 19} For the foregoing reasons, we hold that appellant's first, second, third, and fourth assignments of error are without merit.
{¶ 20} The trial court's order to stay the proceedings in this matter is hereby affirmed.
JUDITH A. CHRISTLEY, J., concurs, DONALD R. FORD, J., dissents with Dissenting Opinion.
[1] As indicated by the record, appellant's next parole hearing is scheduled for February 2005.
[2] A class action suit certified under Civ.R. 23(B) does not require notice to all class members, does not allow opting out, and a decision issued under this rule would bind all members of the class. We also note that the issue of whether or not appellant is a member of the Ankrom
class remains unresolved.
[3] Appellant's fourth assignment of error was set forth in a supplemental brief, filed with this court on November 28, 2001.
[4] See, Randolph v. Ohio Adult Parole Authority (Jan. 21, 2000), 2nd Dist. No. 99CA17, 2000 Ohio App. LEXIS 121; Layne v. Ohio Adult ParoleAuthority (May 29, 2001) 3rd Dist. No. 9-2001-06, 2001 Ohio App. LEXIS 2371; Houston v. Wilkinson (June 29, 2001) 3rd Dist. No. 1-01-52, 2001 Ohio App. LEXIS 2915. (All three cases based upon an alleged breach of contract arising from the OAPA's use of indictment records, as opposed to the plea agreement, in determining parole eligibility.) The Ohio Supreme Court certified this conflict fit for review on October 10, 2001.