[Cite as *State ex rel. Cleveland v. Bd. of Tax Appeals*, 2014-Ohio-3736.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. City of Cleveland[,] | : | |
| Cleveland Board of Review | | |
| and Nassim M. Lynch, | : | No. 13AP-308 |
| Relators, | : | (REGULAR CALENDAR) |
| v. | : | |
| State of Ohio Board of Tax Appeals, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on August 28, 2014

*Barbara A. Langhenry,* City of Cleveland, Director of Law*, and *Linda L. Bickerstaff,* for relators.

*Michael DeWine*, Attorney General, *William J. Cole* and *Brandon C. Duck,* for respondent.

*Baker & Hostetler LLP, Christopher J. Swift, Elizabeth A. McNellie* and *Elizabeth Braverman,* for the intervenors William E. MacDonald, III and Susan W. MacDonald.

IN PROCEDENDO OR MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relators, City of Cleveland, Board of Review for the City of Cleveland, and Nassim M. Lynch, commenced this original action in procedendo or mandamus seeking an ordering compelling respondent, State of Ohio Board of Tax Appeals ("BTA"), to

proceed to a hearing in an appeal styled as *William E. MacDonald, III et al. v. Cleveland Income Tax Board of Review et al.*, BTA No. 2009-K-1130 ("Cleveland appeal").

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate, who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that the BTA did not abuse its discretion in staying the Cleveland case pending appellate review of *MacDonald v. City of Shaker Heights*, BTA No. 2008-K-1883 ("Shaker appeal"). The magistrate noted that the BTA has the inherent power to manage its own docket. Because it was reasonable to conclude that the BTA and the parties in the Cleveland appeal would benefit from this court's resolution of the Shaker appeal, both of which involve essentially the same legal issues, and the same taxpayer and tax year, the magistrate has recommended that we deny relator's request for a writ of procedendo or mandamus.

{¶ 3} Relators have filed objections to the magistrate's decision. In their first and third objections, relators argue that the BTA abused its discretion in staying the Cleveland appeal because writs have been consistently granted when inferior tribunals have erroneously stayed a case simply because another case is pending. However, we find the cases relators rely upon in support of their objection to be factually distinguishable. We agree with the magistrate that the parties in the Cleveland appeal and the BTA will benefit from appellate review of the Shaker appeal. The legal issues presented in the Cleveland appeal are essentially identical to those raised in the Shaker appeal. Moreover, both cases involve the same taxpayer, compensation, and tax year. Therefore, we agree with the magistrate that the BTA did not abuse its discretion by issuing a stay of the Cleveland case pending appellate review of the Shaker case. Accordingly, we overrule relators' first and third objections.

{¶ 4} In their second objection, relators argue that the magistrate erred at paragraph 18 of his findings of fact by not stating that "Shaker law did not define the term 'pension.' " We disagree. The magistrate is not required to expressly reference or discuss every point that relators think help their argument. We overrule relators' second objection.

{¶ 5} In their fourth objection, relators contend that the magistrate erred in concluding that the Cleveland appeal was stayed based on "case-management" concerns.

Again, we disagree. The BTA stayed the Cleveland case so that it could receive guidance from appellate review of another case involving the same taxpayer, the same compensation year, and essentially the same statutory language. This is a case management reason. According, we overrule relator's fourth objection.

{¶ 6} In their fifth objection, relators criticize the magistrate's characterization of the legal issues as involving "complex tax issues"—arguing that this characterization somehow indicates that the magistrate inappropriately weighed the underlying facts. Contrary to relators' contention, the magistrate did not weigh any facts. The magistrate simply looked at the nature of the legal issues presented in the Cleveland and Shaker appeals to determine whether the BTA abused its discretion in staying one case pending appellate review of the other. As previously stated, the BTA's stay is reasonable, and we overrule relators' fifth objection.

{¶ 7} In their sixth objection, relators argue that the magistrate erred in making "factual observations" about how long the Shaker appeal was pending before the BTA in comparison to the Cleveland appeal. We fail to discern any error by the magistrate in this regard. The magistrate accurately set forth the filing dates in the two cases. To the extent that relators objected to the stay of the Cleveland appeal due to the length of time the case has been pending before the BTA, that pendency period was considered by the magistrate in assessing whether or not the BTA abused its discretion. Therefore, we overrule relators' sixth objection.

{¶ 8} In their seventh, eighth, and ninth objections, relators contend the magistrate erred in its factual findings in paragraphs sixteen, seventeen, and twenty-two because it did not expressly include references to particular facts or certain aspects of relators' arguments (i.e., not stating the attorney examiner's reason for denying respondent's first stay request in paragraph seventeen; failing to fully describe relators' position in opposing the first request for stay in paragraph sixteen; and failing to describe relators' position in opposing the second request for stay in paragraph twenty-two). Again, we can discern no error. The magistrate was not required to expressly state irrelevant facts. Nor was he required to articulate all of the arguments relators made before the BTA. Therefore, we overrule relators' seventh, eighth, and ninth objections.

{¶ 9}   Lastly, relators contend in their tenth objection that the magistrate erred in paragraph nine of his factual findings that the MacDonalds appealed to the Cleveland board in 2009 rather than 2008.  We agree that the year cited in the magistrate's decision in paragraph nine is incorrect, and that the appeal was filed in 2008.  However, we note that the correction has no bearing on the merits of this case.  Nevertheless, we sustain relators' tenth objection to correct this error.

{¶ 10} Following an independent review of this matter, we find that the magistrate has properly determined the facts (with the noted year correction in paragraph nine) and applied the appropriate law.   Therefore, with the noted correction, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with magistrate's decision, we deny relators' request for a writ of procedendo or mandamus.

*Objections granted in part;*
*writ of procedendo or mandamus denied.*

TYACK and O'GRADY, JJ., concur.

———————————

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. City of Cleveland[,] | : | |
| Cleveland Board of Review | | |
| and Nassim M. Lynch, | : | No. 13AP-308 |
| Relators, | : | (REGULAR CALENDAR) |
| v. | : | |
| State of Ohio Board of Tax Appeals, | : | |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on January 29, 2014

*Barbara A. Langhenry,* City of Cleveland, Director of Law*, and *Linda L. Bickerstaff,* for relators.

*Michael DeWine*, Attorney General, *William J. Cole* and *Brandon C. Duck,* for respondent.

*Baker & Hostetler LLP, Christopher J. Swift, Elizabeth A. McNellie* and *Elizabeth Braverman,* for the intervenors William E. MacDonald, III and Susan W. MacDonald.

### IN PROCEDENDO OR MANDAMUS

{¶ 11} In this original action, relators City of Cleveland, Board of Review of the City of Cleveland, and Nassim M. Lynch, request a writ of procedendo or mandamus ordering respondent, State of Ohio Board of Tax Appeals ("BTA"), to proceed to a hearing in an

appeal styled as William E. MacDonald, III et al. v. Cleveland Income Tax Board of Review, et al., BTA No. 2009-K-1130.

Findings of Fact:

{¶ 12} 1. Relator, city of Cleveland, is a political subdivision of the state of Ohio.

{¶ 13} 2. Relator, Board of Review of the city of Cleveland ("Cleveland Board of Review") is a board created by the city of Cleveland pursuant to its codified ordinances to hear appeals of taxpayers aggrieved by decisions of the tax administrator of the city of Cleveland.

{¶ 14} 3. Relator, Nassim M. Lynch, is the tax administrator of the city of Cleveland.

{¶ 15} 4. The BTA is a quasi-judicial board created pursuant to R.C. 5703.02 to hear tax appeals from final determinations of the state tax commissioner, county boards of revision, county budget commissions, and municipal boards of appeal.

{¶ 16} 5. William E. MacDonald, III and Susan W. MacDonald ("the MacDonalds") moved to intervene in this action. Following the magistrate's granting of the motion to intervene, relators moved to set aside the magistrate's order. Subsequently, this court denied the motion to set aside.

{¶ 17} 6. William E. MacDonald, III ("MacDonald") was the vice chairman of National City Corporation ("National City") when he retired on December 31, 2006. He resided in the city of Shaker Heights, but was employed in the city of Cleveland.

{¶ 18} 7. Among other benefits, National City provided MacDonald a Supplemental Executive Retirement Plan ("SERP"). On MacDonald's W-2 for 2006, National City reported the SERP benefit but did not withhold taxes.

{¶ 19} 8. Both Shaker Heights and Cleveland sought to tax the present value of future monthly payments under the SERP for tax year 2006. That is, both municipalities sought to tax the same benefit for the same year. MacDonald received no payments in 2006 under the SERP. Monthly payments began in 2007.

{¶ 20} 9. On September 19, 2008, tax administrator Lynch issued a final administrative ruling denying the MacDonalds' request for a refund and assessing additional tax due for tax year 2006 for income attributable to the SERP. Consequently, in 2009, the MacDonalds appealed Lynch's ruling to the Cleveland Board of Review.

{¶ 21} 10. On May 8, 2009, the Cleveland Board of Review issued its amended decision that affirmed the tax administrator's ruling.

{¶ 22} 11. On July 1, 2009, the MacDonalds appealed the amended decision of the Cleveland Board of Review to the BTA. That appeal is styled William E. MacDonald, III et al. v. City of Cleveland Income Tax Board Review, et al. BTA No. 2009-K-1130.

{¶ 23} 12. Earlier, the MacDonalds faced a ruling from the taxing authority of the city of Shaker Heights similar to the ruling of the tax administrator of the city of Cleveland. That is, Shaker Heights ruled that the SERP is taxable. Consequently, the MacDonalds appealed the ruling to the Shaker Heights Income Tax Board of Review. In August 2008, the Shaker Heights Income Tax Board of Review upheld the position of Shaker Heights finding that the SERP was taxable.

{¶ 24} 13. In 2008, the MacDonalds appealed the Shaker Heights decision to the BTA. That appeal to the BTA is styled MacDonald v. City of Shaker Heights, BTA No. 2008-K-1883.

{¶ 25} 14. BTA heard the Shaker Heights appeal on September 7, 2010. The matter was fully briefed as of December 15, 2010.

{¶ 26} 15. On December 14, 2011, in the Cleveland appeal, the MacDonalds moved the BTA for a stay of proceedings or, in the alternative, for a continuance of a hearing scheduled for January 25, 2012. In their memorandum in support, the MacDonalds asserted:

> This same taxpayer, the same taxable year, the same National City Bank SERP and even the same W-2 that reported the benefit at issue are involved in another case pending before this Board: *William E. MacDonald III and Susan W. MacDonald v. City of Shaker Heights Income Tax Board of Review,* et al, BTA No. 2008-K-1883. That case was heard on September 7, 2010 and has been fully briefed as of December 15, 2010. A hearing in the present appeal is unnecessary because that hearing would duplicate the earlier hearing.

> The facts are the same in the two cases. The two cases reflect identity of the taxpayer, taxable year, the SERP benefit (pursuant to the same plan documents) and the same reportable event on the Form W-2, i.e. Mr. MacDonald's retirement from National City Corporation. The reason that two Ohio municipalities would seek tax on a single

reportable event is that Shaker Heights was Mr. MacDonald's city of residence and Cleveland was Mr. MacDonald's city of employment. Under the municipal income tax system in Ohio, both the city of residency and the city of employment assert tax on the same transactions with a credit or partial credit being available against the city of residency for the tax paid in the city of employment.

The facts necessary for determination of the present appeal are in the Record in Case No. 2008-K-1883. Not only did the Shaker Heights municipal board of appeal (MBOA) conduct a hearing in the earlier case but this Board conducted a full hearing, took testimony, reviewed evidence and has available to it the necessary background to proceed to a determination on the same legal issues that resolve both appeals.

{¶ 27} 16. On December 27, 2011, the city of Cleveland opposed the MacDonalds' December 14, 2011 motion and submitted a memorandum in support. Regarding the requested stay, the city of Cleveland explained how "[d]espite the similarities between this case and the Shaker case, the factual situations are not the same." Regarding the requested continuance, the memorandum stated: "[T]he city of Cleveland objects to this matter being continued because it has been pending in the Board of Tax Appeals since July 2009, more than two years."

{¶ 28} 17. On December 27, 2011, a BTA attorney examiner issued an order denying the requested stay but granting the requested continuance.

{¶ 29} 18. On December 28, 2012, the BTA issued its decision in the Shaker Heights appeal. The BTA held that the National City SERP was a pension for purposes of the Shaker Heights codified ordinance and, as such, is exempt from the Shaker Heights municipal income tax.

{¶ 30} 19. In January 2013, the city of Shaker Heights appealed the decision of the BTA to this court. The appeal is assigned case No. 13AP-71.

{¶ 31} 20. In February 2013, the BTA issued a notice of the rescheduled hearing in the Cleveland appeal. The notice scheduled a merit hearing for May 6, 2013.

{¶ 32} 21. On March 12, 2013, the MacDonalds moved the BTA for a stay of proceedings in the Cleveland appeal "pending the final resolution of the appeal" to this court in the Shaker Heights case.

{¶ 33} 22. On March 19, 2013, the city of Cleveland filed its brief in opposition to the motion for a stay.

{¶ 34} 23. On March 25, 2013, the MacDonalds filed a reply memorandum. The memorandum states:

> Appellants William and Susan MacDonald (the "MacDonalds") request that the Board weigh the benefits and burdens of requiring the presentation for a second time of the facts that are identical to both cases. The MacDonalds presented four witnesses, including three expert witnesses, in the *Shaker Heights* appeal. Proceeding with the *Cleveland* appeal would require an unnecessary expenditure of resources by the Board and would create a financial burden for the MacDonalds to prepare for and conduct a hearing in this second appeal. In contrast, Cleveland has identified no prejudice or harm that would arise for the City from delaying the hearing *at this time.*
>
> The MacDonalds acknowledge that the Board previously denied a motion to stay while granting a continuance. Under the Board's present practices for continuances, a new hearing would be scheduled before the decision could be rendered in the *Shaker Heights* appeal. The Board denied the earlier request for a stay before the *Shaker Heights* hearing had been held, before the Board rendered its decision in the *Shaker Heights,* before an appeal from the Board's decision was filed with the court of appeals, and before Cleveland filed its Amicus Brief in the court of appeals. These different circumstances greatly increase the need for, and appropriateness of, the requested stay.
>
> An irony arises from the request by Cleveland for a hearing when the *Shaker Heights* appeal presents the issue as to whether this Board even has the authority to convene a hearing. Assignment of Error No. 2 in the *Shaker Heights* appeal at the court of appeals reads as follows:
>
> The Board of Tax Appeals erred in allowing the introduction of new evidence and new witnesses, and conducting a de novo review of the decision of the Shaker Heights Municipal Income [T]ax Board of Review, when the appellees, [MacDonalds] were afforded every opportunity to introduce witnesses and testimony before the Shaker Heights Municipal Board of Review.

> The MacDonalds will contest this Assignment of Error No. 2. Contrary to Shaker Heights, the Board had explicit authority under R.C. 5717.011 to convene the hearing and did not commit error in proceeding under the statute. Nevertheless, the assertion of such lack of authority is one more basis to defer the hearing until such argument is finally determined or withdrawn.
>
> The MacDonald[s] made a full presentation to the Board, including detailed testimony. The MacDonalds should not be compelled to bear the expense of a second hearing under these circumstances and in the absence of any articulation by Cleveland of a need to address the *Cleveland* appeal before completion of the *Shaker Heights* appeal. For all these reasons, this Board should stay the proceeding and place the current appeal on inactive status until such time as the *Shaker Heights* case is finally decided.

(Emphasis sic.)

{¶ 35} 24. On March 27, 2013, the city of Cleveland moved for leave to file a response to the MacDonalds' March 25, 2013 reply memorandum. In its response, the city of Cleveland argues:

> First, Appellants argue that "[n]one of th[e] legal issues [identified by Cleveland] justifies the conduct of a hearing to present facts for the second time[.]" They note that they "presented four witnesses, including three experts witnesses, in the *Shaker Heights* appeal [and that] [p]roceeding with the *Cleveland* appeal would require an unnecessary expenditure of resources by the Board and ... in this second appeal." However, the Board's jurisdiction to hear the appeal arises specifically under R.C. 718.11, which recognizes "that the taxpayer or the tax administrator may appeal the board's decision as provided in section 5717.011 of the Revised Code." R.C. 5717.011(C) provides in relevant part: "The board may order the appeal to be heard upon the record and the evidence certified to it by the administrator, but upon the application of any interested party the board shall order the hearing of additional evidence ...." The record being referred to in R.C. 5717.011 is clearly the record from the municipal board of appeal being appealed from—in this case Cleveland's board. Shaker's appeal is not part of the record of this appeal. Appellant's whole argument about having to present witnesses for a "second time" is wholly without merit.

Second, Appellants clearly seem to be saying that how Cleveland law defines deferred compensation and pensions in its income tax ordinance and rules and regulations is irrelevant. In that regard, it would be specifically noted that R.C. 5717.011(D) provides: "If an issue being appealed under this section is addressed in a municipal corporation's ordinance or regulation, the tax administrator, upon the request of the board of tax appeals, shall provide a copy of the ordinance or regulation to the board of tax appeals." That a tax issue can be governed by municipal law seems clear. This is true despite Appellants' contentions otherwise.

Third, while Appellants stressed throughout their initial motion that the Shaker case would be "dispositive" of this appeal, they clearly retreat in their reply conceding that this would result only in a "delay in conducting the hearing or filing briefs until the *Shaker Heights* appeal has been completed." Appellants apparently now recognize that res judicata and collateral estoppel have no applicability to this appeal where Appellees were not parties to the Shaker appeal. No matter what occurs in the Shaker appeal before the Tenth District, Appellees clearly have a right to a hearing. This fact cannot be disputed. Where is the judicial economy in simply delaying this matter further?

Fourth, is there any merit to Appellants' claim that there are "different circumstances [that] greatly increase the need for, and appropriateness of, the requested stay[]"? Previously, in their first motion to stay, Appellants argued that "the Board should stay this matter pending a final resolution of BTA Case No. 2008-8-1883." Now, Appellants argue that the Board should stay this matter pending a final resolution of the appeal of that case before the Tenth District Court of Appeals. What happens if the Shaker case is appealed to the Ohio Supreme Court? Both Taxpayers and Shaker might very well file a discretionary appeal to the Ohio Supreme Court should they lose. Further, Shaker might have an appeal of right if the Franklin County Court of Appeals finds against it but then certifies a conflict with the Twelfth District's case, *Wardrop v. City of Middletown Income Tax Review Board,* 2008 WL 4541996, 2008-Ohio-5298. If the Board accepts Appellants premise that a stay is appropriate now, then such a stay will clearly be even more appropriate in the event of an appeal (or attempted appeal) to the Ohio Supreme Court. Appellants' stay argument is clearly based on a flawed premise.

Fifth, while Appellants state that they "made a full presentation to the Board, including detailed testimony [in the Shaker Appeal][,]" they apparently think that the Appellees do not have that same right in this case. Appellees, however, clearly do. The fact that Appellants are involved in two similar appeals does not change that fact.

The Board denied the Appellants earlier motion to stay this matter finding "there is some dispute as to the applicability of any decision made in th[e] [Shaker] matter to the present set of facts." Nothing has changed in that regard. For this reason, the Appellants' motion to stay must be denied.

(Footnotes omitted.)

{¶ 36} 25. On March 27, 2013, a BTA attorney examiner entered an order granting the MacDonalds' March 12, 2013 motion for a stay. The order explains:

Appellants move this board to stay further proceedings in this matter pending final resolution of *MacDonald v. City of Shaker Hts.* (Dec. 28, 2012), BTA No. 2008-K-1883, unreported, appeal pending Franklin App. No. 13AP71, asserting that the resolution of that appeal will likely be dispositive of several, if not all, of the factual/legal issues presented in the present appeal. Noting that a similar request had been previously denied, the appellees oppose the motion, disputing appellants' characterization of the similarities of the two appeals and insisting that they are entitled to be heard regarding the differences presented. At the time the previous request to stay proceedings had been requested and resolved, a decision had not yet been issued by in *MacDonald.* Upon consideration of the parties' arguments and this board's decision, an appeal of which is currently pending before the Tenth District Court of Appeals, it is deemed to be in the best interests of the parties and this board to stay further proceedings in this appeal, including the May 6, 2013 hearing, until a final decision is issued in *MacDonald.* It shall remain the responsibility of the parties' counsel to advise this board immediately of any intervening matters which would warrant lifting the stay of proceedings in this appeal.

{¶ 37} 26. On April 3, 2013, the city of Cleveland moved the BTA for reconsideration of the March 27, 2013 order. The city of Cleveland argued:

In the interim order, this Board held that since it has issued a decision in the Shaker case "which is currently pending

before the Tenth District Court of Appeals, it is deemed to be in the best interests of the parties and this board to stay further proceedings in [the Cleveland case], including the May 6, 2013 hearing, until a final decision is issued in the [Shaker case]."

Cleveland asks this Board to reconsider its decision based on the fact that (i) Cleveland may not be able to call its intended witnesses at a later date and (ii) the decision will unnecessarily result in Cleveland paying more accrued interest than it otherwise would if it is unsuccessful on the merits.

On September 1, 2009 and November 30, 2009 this Board issued subpoenas duces tecum at Cleveland's request to National City Corporation and Hewitt Associates for certain documents related to the issues in this case. Since such time, both National City and Hewitt Associates have merged into other companies. Cleveland intends to call witnesses to testify concerning said documents and further delaying this case may result in Cleveland's inability to do so.

Cleveland is also prejudiced by the fact that it would be required to pay additional interest on Taxpayer's refund request should it not prevail. This case has already been delayed more than 15 months at Taxpayers' request. Why should Cleveland be potentially liable for additional interest when it is more than ready to proceed to hearing?

{¶ 38} 27. On April 10, 2013, the BTA, two members concurring, entered an order denying the April 3, 2013 motion for reconsideration. The BTA order explains:

The appellees seek reconsideration of this board's attorney examiner's order staying further proceedings in this matter due to the pendency of an appeal before the Tenth District Court of Appeals involving the same appellants and the issues substantially similar to those presented herein. See *MacDonald v. City of Shaker Hts.* (Dec. 28, 2012), BTA No. 2008-K-1883, unreported, appeal pending Franklin App. No. 13AP71. In *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, the court set forth the test to be applied when considering a motion for reconsideration, indicating that such motion must call to the attention of the tribunal an obvious error in the decision or raise an issue for consideration that was either not considered or was not fully considered. We find neither present in this instance. Nor do we find it improper to allow the parties, as well as this board,

to benefit from appellate consideration of the issues presented in this appeal. * * * Accordingly, the appellees' motion is denied.

{¶ 39} 28. On April 11, 2013, relators filed this original action.

Conclusions of Law:

{¶ 40} It is the magistrate's decision that this court deny the relators' requests for a writ of procedendo or, in the alternative, a writ of mandamus.

{¶ 41} Procedendo is a high prerogative writ of an extraordinary nature which will not be granted unless there is a clear legal right to such relief. *State ex rel. Smith v. Friedman,* 22 Ohio St.2d 25 (1970), paragraph two of the syllabus.

{¶ 42} To be entitled to a writ of procedendo, the relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and a lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas,* 126 Ohio St.3d 198, 2010-Ohio-3299, ¶ 11, citing *State ex rel. Weiss v. Hoover,* 84 Ohio St.3d 530, 531-32 (1999).

{¶ 43} A court has inherent power to stay a case before it where it is reasonable to do so. *State ex rel. Zellner v. Bd. of Edn. of City of Cincinnati,* 34 Ohio St.2d 199 (1973); *Smith* at 26.

{¶ 44} A motion for a stay of proceedings is addressed to the sound discretion of the court. *Zellner* at 200. Thus, a determination of whether to issue a stay of proceedings generally rests within the court's discretion and will not be disturbed absent the showing of an abuse of discretion. *State ex rel. Verhovec v. Mascio,* 81 Ohio St.3d 334, 336 (1998).

{¶ 45} A writ of procedendo will issue requiring a judge to proceed to final judgment if the judgment erroneously stayed a proceeding because of another pending case. *Verhovec* at 335-36; *State ex rel. Cleveland v. Corrigan,* 8th Dist. No. 93940, 2009-Ohio-6655; *State ex rel. Kralik v. Zwelling,* 101 Ohio St.3d 134, 2004-Ohio-301.

{¶ 46} In a class action suit under Civ.R. 23, this court states "[t]he basis for an abuse-of-discretion standard is the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." *Assn. for Hosps. and Health Sys. v. Dept. of Human Serv.,* 10th Dist. No. 04AP-762, 2006-Ohio-67, ¶ 16. Citing that case, the MacDonalds posit that a tribunal such as the BTA has the

inherent power to manage its own docket and address case management issues. Apparently, intervenors would argue that BTA case management authority includes the power to stay a pending case while another similar case is adjudicated by the BTA and an appeal is taken to this court. As BTA indicated in its April 10, 2013 order staying the Cleveland case, "nor do we find it improper to allow the parties, as well as this board, to benefit from appellate consideration of the issues presented in this appeal."

{¶ 47} Some factual observations are in order. In the Shaker Heights case, BTA rendered its final decision on December 28, 2012 in the appeal that was filed in 2008. Thus, the Shaker Heights case was pending before the BTA for a period of over four years. An appeal to this court was filed in January 2013.

{¶ 48} On the other hand, the Cleveland case was appealed to the BTA on July 1, 2009 where it remains pending and subject to a stay order.

{¶ 49} Thus, at the time of the Shaker Heights appeal to this court in January 2013, the Cleveland case had been pending at the BTA for a period of some three and one half years.

{¶ 50} It appears to this magistrate that it cannot be denied that, in all likelihood, BTA and the parties will benefit from this court's consideration of the issues presented to this court.

{¶ 51} The real question before the BTA was whether the delay in the Cleveland case is justified by waiting for the appellate process to conclude in the Shaker Heights case. Apparently, BTA felt that even the parties to the Cleveland case would benefit from the stay that would allow BTA to apply the rulings of this court to the Cleveland case. This is a question that, in the magistrate's view, is addressed to the sound discretion of the BTA. To hold otherwise would require this magistrate to second-guess the BTA in the management of its own docket.

{¶ 52} Given the complexity of the tax issues before the BTA in both cases, and that both cases involve the same taxpayer, the same compensation for the same year and, at least arguably, very similar legal issues, this magistrate cannot find an abuse of discretion on the part of the BTA in issuing a stay of the Cleveland appeal pending appellate review of the Shaker Heights appeal.

{¶ 53} Accordingly, it is the magistrate's decision that this court deny the relators' requests for a writ of procedendo or mandamus.


/S/ MAGISTRATE
KENNETH W. MACKE


### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).