[Cite as *State ex rel. Knox v. Russo*, 2015-Ohio-3773.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 102859 and 103003**

# STATE OF OHIO, EX REL.
# LARRY KNOX

RELATOR

vs.

# HONORABLE JUDGE JOSEPH D. RUSSO

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Procedendo
Motion No. 486139
Order No. 488482

**RELEASE DATE:**   September 11, 2015

**FOR RELATOR**

Larry Knox, pro se
Inmate No. 0285905
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio   44101

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    James E. Moss
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MELODY J. STEWART, P.J.:

{¶1} Relator, Larry Knox, filed a petition for writ of procedendo, which was captioned, *State ex rel. Knox v. Russo*, 8th Dist. Cuyahoga No. 102859. The pleading was unreadable and incomprehensible and this court issued an order striking it[1] but also granted Knox leave to file a petition that complied with Civ.R. 8 and Loc.App.R. 45. Instead of refiling the petition in *State ex rel. Knox v. Russo,* 8th Dist. Cuyahoga No. 102859, Knox filed a new petition which was captioned *State ex rel. Knox v. Russo*, 8th Dist. Cuyahoga No. 103003. The matters have been consolidated. Respondent filed a motion for summary judgment and Knox has filed objections to the motion for summary judgment. For the reasons that follow, respondent's motion is granted and the writ is denied.

{¶2} Knox's pending petition for writ of procedendo and "to compel the specific performances, to wit: * * * " is basically incomprehensible to this court in terms of what relief Knox is seeking by way of a writ of procedendo. The petition contains a rambling, handwritten litany of unrelated, generalized legal theories, such as

> pattern, practice of abuse power [sic], ineffective assistance of counsel's [sic] (attorney's) in all said cases 2010 thru 2015, Section 10, Article I, of Ohio Constitution. As a matter of law (produce all criminal complaints from the municipal courts) pretrials on records, granted these continuances,

---

[1]The attachments/exhibits to the petition were retained by the court and Knox was not required to resubmit them with the new petition.

produce all in pending case also, and proof, facts, Judge Joseph Russo, is know [sic] longer acting as a judge, has been prosecuting accused cases, 2010 thru 2015 [sic], compel to produce all continuances at defendants request, waivers, motions filed by counsels, CR-13-576939-A, granting on records As a right and case CR-14-590340 A, and case CR-550801, and Judge McMonagle's certified copy of January 24-25-2008, Ohio Supreme Courts notice of final order, judgment in case CV-08-646011 (compel to produce 911) Journal entry, In the Cuyahoga Court, Common Pleas Courts.

The balance of the petition is similarly confusing and disjointed.

{¶3} Respondent also expressed having difficulty in comprehending Knox's second petition but made an effort to respond to it. Respondent first maintains that the petition is defective for failure to attach the statement of account required by R.C. 2969.25(C). However, the attachments to Knox's initial petition did comply with the statute and we ordered that those attachments would be retained and need not be resubmitted with the refiled petition. Therefore, the second petition is not subject to dismissal on that basis.

{¶4} Alternatively, respondent argues that Knox is not entitled to a remedy by way of procedendo. We agree that Knox has failed to establish the elements that are required for issuance of the writ.

{¶5} In order for this court to issue a writ of procedendo, Knox must demonstrate that he possesses a clear legal right to the relief requested and that there exists no adequate remedy in the ordinary course of the law. *State ex rel. Brown v. Shoemaker*, 38 Ohio St.3d 344, 528 N.E.2d 188 (1988). Knox must also demonstrate that Judge Russo possesses a clear legal duty, which requires him to proceed to judgment. *State ex rel. Cochran v. Quillin*, 20 Ohio St.2d 6, 251 N.E.2d 607 (1969). Finally, a writ of

procedendo is appropriate when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Doe v. Tracy*, 51 Ohio App.3d 198, 555 N.E.2d 674 (12th Dist. 1988).

{¶6} Knox's objections to respondent's motion for summary judgment complain that respondent has not responded to all the claims he filed in the petition. However, like respondent, the only basis we have been able to discern[2] from Knox's filings before this court that could relate to a writ of procedendo is that he has filed some pro se motions for which he seeks a ruling, including a motion to waive counsel and to represent himself. Knox advances a host of other fragmented arguments, including that his speedy trial rights have been violated and that his case(s) should be dismissed for that reason, along with numerous other reasons that he believes warrant dismissal. He also believes his indictment is defective, that he was improperly reclassified under the laws regarding registration and notification requirements for sexual offense convictions and maintains that the municipal and common pleas court lack jurisdiction. He generally alleges fraud and conspiracy on behalf of respondent, court officials, his attorneys, the sheriff, and clerks. He seeks an order compelling respondent to produce numerous documents to him,

---

[2]Knox was expressly directed by this court to clearly set forth a coherent claim and requested relief in his petition. He has not done so. We granted him leave to state a claim for relief, yet we are still endeavoring to decipher a cognizable claim and requested relief, which is not the court's obligation. *E.g.*, *Glazer v. Chase Home Fin. L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 101; *Sonoga v. Trumbull Cty. Child Support Enforcement Agency*, 11th Dist. Trumbull No. 2004-T-015, 2005-Ohio-3615, ¶ 10 (it is not the court's job to clean up pleading deficiencies). Knox cannot complain that his claims are not fully addressed when he has failed to present them in a reasonably comprehensible fashion.

including attorney fee bills, municipal court transcripts and all journal entries issued in all cases from "2010 to 2015."

{¶7} It appears Knox is seeking to obtain a writ of procedendo from this court that would compel respondent to produce documents and issue specific rulings, which is improper. "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be. * * * " *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106, 12 N.E.2d 144 (1937). "Procedendo is a high prerogative writ of an extraordinary nature. It is an order from a court of superior jurisdiction to proceed to judgment and does not lie to control or interfere with ordinary court procedure. * * * " *State ex rel. Ratliff v. Marshall*, 30 Ohio St.2d 101, 102, 282 N.E.2d 582 (1972).

{¶8} Knox has not clearly identified which pro se motions are at issue since his petition identifies numerous different lower court case numbers. The caption of his petition identifies lower court case number Cuyahoga C.P. No. CR-14-590340-A but the body of his petition cites all cases from "2010 thru 2015" and also references Cuyahoga C.P. Nos. CR-13-576939-A and CV-08-646011.

{¶9} Knox has not established that the trial court has a clear legal duty to proceed to judgment on any specific or identifiable motion and he has not established that respondent has unnecessarily delayed proceeding to judgment. In CR-14-590340-A, Knox is represented by assigned counsel and the case has been transferred from respondent's docket to the docket of the administrative judge of the Cuyahoga County Common Pleas

Court by order dated August 13, 2015. The law in this district generally provides that a court may not entertain pro se motions that are filed while the defendant is represented by assigned counsel. *E.g.*, *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 14. While this does not apply to motions for self-representation,[3] it is still incumbent upon Knox to identify such a pending motion and to demonstrate that respondent has refused to render judgment or has unnecessarily delayed proceeding to judgment on it. We note that on June 9, 2015, the court allowed one assigned counsel to withdraw and appointed the county public defender to represent Knox. Subsequently, he filed another motion to waive counsel. Thereafter, the docket reflects that a competency hearing was set and the case was scheduled for another hearing on August 13, 2015. The docket does not reflect an unreasonable delay in these proceedings. Furthermore, respondent has recused himself from CR-14-590340-A and the matter is now proceeding before the administrative judge of the common pleas court.

{¶10} The docket of CR-13-576939-A reflects that the matter was dismissed without prejudice and defendant was ordered released on that case by order dated May 1, 2015. Therefore, respondent cannot proceed in that matter.

{¶11} Besides Knox's allegations regarding alleged pending (but unidentified) pro se motions, Knox's petition, and his objections to respondent's motion for summary judgment, present various arguments that are not cognizable in an original action and do not provide any basis for issuing a writ of procedendo. For example, Knox presents

---

[3]*See Turner v. McGinty*, 8th Dist. Cuyahoga No. 102074, 2015-Ohio-529.

arguments as to why he believes his case(s) should be dismissed, including violations of speedy trial rights due to allegedly unauthorized continuances; he seeks to compel respondent to produce various entries; he alleges fraud by court officials and law enforcement; he challenges the validity of the complaints or indictments; he maintains that the municipal and common pleas courts lack jurisdiction; and he alleges that his reclassification as a sex offender was unconstitutional. Defects in the indictment and alleged violations of speedy trial rights cannot be collaterally attacked in an original action. *State ex rel. Lisboa v. McCafferty*, 8th Dist. Cuyahoga No. 93051, 2009-Ohio-4377, ¶ 9 ("an extraordinary writ, such as prohibition, is not the proper remedy for addressing speedy trial issues"); *State ex rel. Wilkerson v. Matia*, 8th Dist. Cuyahoga No. 79115, 2001 Ohio App. LEXIS 769, *1 (8th Dist. 2001) (the issue of a defective indictment is properly raised through a direct appeal). In essence, Knox is advocating for the dismissal of criminal matters rather than seeking a writ compelling the court to proceed to judgment. Therefore, a writ of procedendo is not warranted.

{¶12} For all of the foregoing reasons, respondent's motion for summary judgment is granted and the petition for writ of procedendo is denied. Relator to pay costs. The court directs the clerk of courts to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶13} Writ denied.

_____
MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR