[Cite as *Gassaway v. Muskingum Cty. Common Pleas Court*, 2019-Ohio-4197.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FRANKLIN L. GASSAWAY | : | JUDGES: |
| | : | |
| Relator/Petitioner | : | Hon., John W. Wise, PJ. |
| | : | Hon., Patricia A. Delaney, J. |
| | : | Hon., Earle E. Wise Jr., J. |
| -vs- | : | |
| | : | |
| MUSKINGUM COUNTY COMMON | : | Case No. CT2019-0018 |
| PLEAS COURT | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Writ of Procedendo and
                                 Writ of Mandamus


JUDGMENT:                        DENIED


DATE OF JUDGMENT:                October 7, 2019


APPEARANCES:

For Petitioner:                      For Respondent:

Franklin L. Gassaway                 D. Michael Haddox
A547-361                             Prosecuting Attorney
Belmont Correctional Institution     Muskingum County
68518 Bannock Road                   Taylor P. Bennington
St. Clairsville, OH  43950           Assistant Prosecuting Attorney
                                     27 North 5th Street, Suite 43701
                                     Zanesville, Ohio  43701

*Delaney, J.*

{¶1}     On March 20, 2019, Franklin Gassaway filed a petition for Corrected Writ of Procedendo. On this same date, he also filed a Verified Complaint for Writ of Mandamus. In both documents, Mr. Gassaway requests the same relief. Namely, that he be provided, at state expense, with a copy of transcripts and pleadings from case number CR2006-0401. The Muskingum County Prosecutor filed a memorandum opposing Mr. Gassaway's writ.

{¶2}     "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995), citing *State ex rel. Doe v. Tracy*, 51 Ohio App.3d 198, 200, 555 N.E.2d 674 (12th Dist.1988). For a writ of procedendo to issue, relator must establish a clear legal right to the relief requested and there must be no adequate remedy at law. *Sherrills* at 462, citing *State ex rel. Brown v. Shoemaker*, 38 Ohio St.3d 344, 345, 528 N.E.2d 188 (1988). Relator must also establish a clear legal duty on the part of the court to proceed when the case is still at the pleading stage. *Sherrills* at 462. (Citations omitted.)

{¶3}     Here, Mr. Gassaway does not allege that the trial court refused to rule on his Motion for Preparation of Complete Transcript of Proceedings at State Expense that he filed on September 17, 2018. Rather, Mr. Gassaway is dissatisfied with the fact that the trial court denied his motion by way of a Judgment Entry filed on October 23, 2018. Because the trial court ruled on his motion, Mr. Gassaway can prove no set of facts establishing that he is entitled to extraordinary relief under a writ of procedendo.

{¶4} Further, Mr. Gassaway had an adequate remedy at law following the trial court's denial of his motion by way of a direct appeal. *See State v. Hewitt*, 5th Dist. Stark No. 2016CA00067, 2016-Ohio-5762, ¶14, where this Court determined the denial of a motion for transcripts, at state expense, is a final, appealable order.

{¶5} Further, this same conclusion is reached even if the Court addresses Mr. Gassaway's complaint as one for mandamus. For a writ of mandamus to issue, relator must have a clear legal right to the relief prayed for, respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. (Citations omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). For the same reason stated above, Mr. Gassaway had an adequate remedy at law by way of appeal and therefore, he is also not entitled to relief under a writ of mandamus.

{¶6} Finally, we address Mr. Gassaway's argument that he needs copies of the transcript and trial court pleadings so he can perfect post-conviction filings that cannot be filed without these documents. Verified Complaint, Mar. 20, 2019, ¶5. In *Hewitt*, this Court explained that an indigent prisoner is entitled to relevant portions of a transcript upon appeal or in seeking post-conviction relief. *Hewitt* at ¶ 16. (Citation omitted.) However, one limitation is that the appeal or post-conviction action must be pending at the time the transcript is sought. *Id.*, citing *State ex rel. Partee v. McMahon*, 175 Ohio St. 243, 245, 193 N.E.2d 266 (1963); *State ex rel. Catlino v. Clerk of Courts*, 9 Ohio St.2d 101, 224 N.E.2d 130 (1967); *State ex rel. Clark v. Marshall*, 63 Ohio St.2d 107, 406 N.E.2d 1128 (1980). As pled, there is no indication that Mr. Gassaway currently has a post-conviction

action pending. Therefore, this too serves as an independent basis to deny the requested extraordinary relief.

{¶7} For the foregoing reasons, Mr. Gassaway's writ of procedendo and/or mandamus is denied.

{¶8} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).