The State, ex rel. St. Sava Serbian Orthodox Church of
Cleveland et al., Appellants, *v.* Riley, Judge, Appellee.

(No. 73-481—Decided December 26, 1973.)

*Hesser, McGraw & Armstrong Co., L. P. A., Mr. Robert F. Hesser* and *Messrs. Strangward, Marshman, Lloyd & Malaga,* for appellants.

*Judge Paul E. Riley, in propria persona,* and *Mr. Jeffrey L. Kocian,* for appellee.

*Per Curiam.* Relators, in their request that a writ of mandamus issue, ask that an order be directed against respondent which will require their real adversaries to surrender the church property *pendente lite.* Relators contend that they had possession of the church property prior to the erroneous partial summary judgment granted by the Court of Common Pleas. They ask return of "all that was lost by reason of the void and illegal judgments of the Court of Common Pleas."

However, it is not clear from the record exactly what relators lost through the judgment of the Court of Common Pleas. Relators allege that they were in control of all the church property until illegal orders of the court caused their eviction. The Court of Appeals reversed the judgment of the Court of Common Pleas, but it failed to return the property to the relators when it denied relators' motion to amend its order. The trial court and the Court of Appeals

have both consistently refused to return control of the premises to relators. The major, and controlling, reason given is that there are conflicting claims to the ownership and control of the church property which are being actively litigated in this action. *State, ex rel. Milton Banking Co.,* v. *Merrell* (1935), 130 Ohio St. 30.

The claims and allegations can most easily be satisfied by pursuing the current action through to final judgment and then appealing that final determination, if necessary. It appears that there is a clear and adequate remedy at law, and mandamus must therefore be denied. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

Relators contend that, in ordering a special election to determine the members and officers of the church, respondent is exercising jurisdiction in quo warranto, and that, since quo warranto jurisdiction is granted under Article IV, Section 2 of the Ohio Constitution exclusively to the Supreme Court and the Courts of Appeals, prohibition lies to prevent this action. Relators correctly argue that, where a court clearly is without jurisdiction and it nevertheless attempts to exercise jurisdiction, prohibition will lie to prevent that usurpation of power. *State, ex rel. Nolan,* v. *ClenDening* (1915), 93 Ohio St. 264. However, relators fail to convince this court that respondent is exercising jurisdiction in quo warranto.

Quo warranto is an extraordinary remedy in which the legal right to hold office is challenged. In Ohio, the General Assembly has addressed itself to the remedy of quo warranto. See R. C. Chapter 2733. This remedy is essentially adversary in nature and the aim is to remove the challenged officer from his position. See R. C. Chapter 2733; 45 Ohio Jurisprudence 609 *et seq.,* Quo Warranto, Section 1 *et seq.*

In contrast, the order directing the election by the trial judge is an ancillary evidentiary procedure which seeks to clarify the positions of the respective factions. The trial judge determined that an election of this type will provide evidence which may aid him in his solution of the contro-

versy. Any error made in this determination is clearly subject to challenge through appeal.

This action is within the powers of the trial judge, he has jurisdiction over the case before him, and there is an adequate remedy at law for any error. In these circumstances, a writ of prohibition will not lie. *State, ex rel. Toledo Shore Line Rd. Co.,* v. *Court of Common Pleas* (1967), 11 Ohio St. 2d 193.

Relators urge the issuance of a writ of procedendo because the allegedly illegal election ordered by respondent and the admission of allegedly inadmissible evidence by respondent are acts which unreasonably delay a final judgment, in their view.

However, procedendo is an extraordinary remedy, issued by a court of superior jurisdiction, ordering a lower court to proceed to judgment in a case. It does not lie to control or interfere with ordinary court procedure or process. *State, ex rel. Cockran,* v. *Quillin* (1969), 20 Ohio St. 2d 6.

The order directing the election is not a usurpation of quo warranto jurisdiction. In addition, error complained of in admitting testimony is a proper subject for review upon appeal. Where an adequate remedy exists, procedendo will not lie. *State, ex rel. Ruggiero,* v. *Common Pleas Court* (1963), 175 Ohio St. 361.

The action to which this petition is directed is proceeding according to normal court procedure and process. On the present state of the record, the relators have not shown the requisite clear legal right to relief in procedendo.

The Court of Appeals correctly dismissed the petition, and its judgment is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.