4

THE STATE, EX REL. WALLACE, APPELLEE, *v.* TYACK, JUDGE, APPELLANT.*

THE STATE, EX REL. EDWARDS, *v.* CRAWFORD, JUDGE.

[Cite as State, ex rel. Wallace, *v.* Tyack (1984), 13 Ohio St. 3d 4.]

(Nos. 83-1101 and 83-1417—Decided October 10, 1984.)

*Messrs. Lane, Alton & Horst, Mr. Jack R. Alton* and *Mr. Theodore M. Munsell,* for appellee in case No. 83-1101.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. David E. Northrop,* for appellant in case No. 83-1101.

*Charles Roger Andrews Co., L.P.A.,* and *Mr. Charles R. Andrews,* for relator in case No. 83-1417.

---

* This court has *sua sponte* substituted Judge George E. Tyack as a party upon the untimely death of Judge Gerald A. Baynes.

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Craig B. Paynter,* for respondent in case No. 83-1417.

*Messrs. Lane, Alton & Horst, Mr. Jack R. Alton* and *Mr. Theodore M. Munsell,* urging denial of the writ for *amicus curiae,* Dr. William A. Wallace, in case No. 83-1417.

*Per Curiam.* In case No. 83-1101, Judge Tyack argues that the court of appeals erroneously allowed the writ to compel him to proceed to trial in the Court of Claims. We agree with Judge Tyack's arguments challenging the basis for that decision. First, the court of appeals erroneously determined that the stay issued in the Court of Claims deprived Dr. Wallace of raising potential collateral estoppel or *res judicata* defenses. These defenses require an identity of parties and an identity of issues. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53]. The parties are not the same in the two underlying actions and a finding that the hospital was negligent in one action would not necessarily preclude a finding that Wallace was also negligent in the other.

The court of appeals also concluded that by dismissing Wallace as a party to the Court of Claims action, Wallace was precluded from asserting potential third-party claims against the hospital. This is also erroneous. Had Wallace chosen to do so, he could have asserted a third-party claim against the hospital in the common pleas court proceeding, and the entire action could have been removed to the Court of Claims under R.C. 2743.03(E). No third-party claim was asserted.

On the other hand, we find Judge Tyack's arguments in support of the stay to be equally unpersuasive. He contends that the Court of Claims proceeding must be stayed pending the outcome of the common pleas court action in order to comply with the collateral recovery rule of R.C. 2743.02(D). That section provides:

"Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant."

A judgment against Wallace or Racey in the common pleas court proceeding arising from their negligence is not necessarily a collateral source of recovery for damages alleged to be caused by the hospital. Even if the rule would apply in this situation, its enforcement does not require a delay of the trial. Rather, the case could proceed to trial and the amount of any judgment would be held subject to reduction upon the outcome in the other proceeding.

Judge Tyack and Judge Crawford, in case No. 83-1417, charge that the issuance of the writ of procedendo interferes with their right to control their dockets. "Procedendo is a high prerogative writ of an extraordinary nature. It is an order from a court of superior jurisdiction to proceed to judgment * * *." *State, ex rel. Ratliff,* v. *Marshall* (1972), 30 Ohio St. 2d 101, 102 [59 O.O.2d 114], "It does not lie to control or interfere with ordinary court procedure or process." *State, ex rel. St. Sava,* v. *Riley* (1973), 36 Ohio St. 2d 171, 174 [65 O.O.2d 395]. We also recognize that the determination of

whether to issue a stay of proceedings generally rests within the court's discretion and will not be disturbed absent a showing of an abuse of discretion. *State, ex rel. Buck,* v. *McCabe* (1942), 140 Ohio St. 535, 537 [24 O.O. 552]; *State, ex rel. Smith,* v. *Friedman* (1970), 22 Ohio St. 2d 25, 26 [50 O.O.2d 41].

However, we find that the situation in the case at bar presents such an abuse of discretion because both the Court of Claims and the court of common pleas have issued stays of proceedings, thereby precluding Edwards from litigating his wrongful death claim. We cannot agree that the interests of Judge Tyack and Judge Crawford in preserving their right to control their dockets is paramount to Edwards' interest in having his claims litigated without undue delay.

For this reason only, we affirm the judgment of the court of appeals in case No. 83-1101, and allow the writ in case No. 83-1417.

*Judgment affirmed in case No. 83-1101.*
*Writ allowed in case No. 83-1417.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in judgment only.