Carol A. Pisani, relator, is seeking a writ of procedendo to compel respondent "Administrative Judge Timothy Flanagan to proceed to judgement [sic] on the recusal of [respondent] Judge Joseph Cirigliano which was transcribed by the court reporter and also order the lower court Judge, whoever it may be, to proceed to a ruling on the current Motion for Leave for Therapy without further delay." Complaint, p. 4. Respondents moved to dismiss the complaint for failure to state a claim. For the reasons that follow, we grant respondents' motion.
A Civ.R. 12(B)(6) motion may be granted when it appears beyond doubt from the complaint that the relator can prove no set of facts warranting relief. O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus; see State ex rel. Pisani v. Cirigliano (July 30, 1998), Cuyahoga App. No. 74159, unreported. In determining whether a complaint states a claim upon which relief may be granted, all factual allegations are presumed true and all reasonable inferences are made in favor of the nonmoving party. State ex rel. Sherrills v.Cuyahoga Cty. Court off Common Pleas (1995), 72 Ohio St.3d 461,650 N.E.2d 899. Unsupported conclusions, however, are not considered admitted and are insufficient to withstand a motion to dismiss. Id.; State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324,544 N.E.2d 639.
Before a writ of procedendo may be issued, a relator must demonstrate a clear legal right to require the respondent to proceed to judgment, a clear legal duty on the part of the respondent to proceed to judgment, and the lack of an adequate remedy in the ordinary course of law to obtain the requested relief. State ex rel. Weiss v. Hoover (1999), 84 Ohio St.3d 530, ___ N.E.2d ___. Thus to withstand a motion to dismiss for failure to state a claim, a relator must set forth factual allegations in the complaint which support these elements of a claim in procedendo.
A writ of procedendo is proper in cases where a trial court has refused to render a judgment, has unnecessarily delayed proceeding to judgment, or has erroneously stayed proceeding to judgment. Id.; State ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64,671 N.E.2d 24; State ex rel. Crandall, Pheils Wisniewski v. DeCessna (1995), 73 Ohio St.3d 180, 652 N.E.2d 742;State ex rel. Wallace v. Tyack (1984), 13 Ohio St.3d 4,469 N.E.2d 844; State ex rel. Doe v. Tracy (1988), 51 Ohio App.3d 198,555 N.E.2d 674. The writ will not lie to interfere with the ordinary procedure or process of a court. State ex rel. St. Savav. Riley (1973), 36 Ohio St.2d 171, 305 N.E.2d 808; State ex rel.Dowling v. Court of Common Pleas, Domestic Relations (Sept. 15, 1993), Cuyahoga App. No. 65585, unreported.
In her complaint, relator is requesting this court to order Judge Flanagan to proceed with the recusal of Judge Cirigliano based upon the following indication of Judge Cirigliano at a hearing on January 9, 1998:
 The Plaintiff has now instituted a civil action against this Judge and the Guardian Ad Litem. In view of this pending litigation, this Judge feels that he must recuse himself in order to avoid the appearance of any impropriety.
 Consequently the Court will be requesting permission from the presiding Judge to recuse himself from this case. If the request for recusal is granted; this statement shall constitute my recusal.
See Complaint, p. 2, paragraphs 5, 6, and appended January 9, 1998, Hearing Tr., p. 5. Nothing alleged in the complaint, including Judge Cirigliano's expressed desire to seek recusal, provides a basis upon which to seek a writ of procedendo against Judge Flanagan. Relator has alleged no facts to indicate that Judge Flanagan is even aware of his judicial colleague's intention or, more significantly, his colleague's recusal, or, if aware, that he is refusing to proceed in accord with the Guidelines for Assignment of Judges. In fact, relator has alleged that there is no journal entry of recusal. Complaint, p. 2, paragraph 10.
If relator is requesting this court to order Judge Cirigliano to submit a journal entry recusing himself from relator's case based upon the judge's comments at the hearing, this we cannot do. An oral pronouncement of intent by a court establishes no right to the issuance of a journal entry in conformity therewith.State ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597,589 N.E.2d 1324. A writ of procedendo is an order to proceed to a judgment, but not an order which attempts to control what that judgment should be. Id.; State ex rel. Davey v. Owen (1937),133 Ohio St. 96, 106, 12 N.E.2d 144. Judge Cirigliano may have decided against recusal either before or after discussing it with the administrative judge.
Moreover, other than this original action, we are unaware of any motion pending in the underlying action which calls this concern to the attention of the respondents, such as a motion inquiring as to the status of the judge's expressed intent to recuse himself. A ruling on such a simple motion filed with the trial court may have obviated the need for the commencement of this action.
Relator alleges in paragraph 11 of her complaint that she "checked with the staff attorney at the Eighth District Court of Appeals to see if a Writ of Procedendo would be appropriate in this matter and was told that it would be according to the Rules of Court." In evaluating a Civ.R. 12(B)(6) challenge to the complaint, this court is required to assume such a statement was made. The comments of a staff attorney of this court, however, cannot be relied upon to support any particular claim for relief. The Eighth District staff attorneys may answer questions regarding appellate and writ procedure in general, but they cannot be relied upon for dispensing legal advice as to anyone's individual case.
Finally, if relator has questions about the impartiality of the judge and seeks his disqualification in her underlying domestic relations matter, R.C. 2701.03 provides an adequate remedy in the ordinary course of law. Relator makes no factual allegations in her complaint concerning this or any other remedy at law.
Relator is also seeking a writ of procedendo to compel "whoever [the lower court judge] may be" to proceed to a ruling on her Motion for Leave for Therapy. In paragraph 22 of p. 4 of her complaint, relator alleges that she "knows that the filing of the Writ in regards to the Motion for leave for therapy is a little premature but because of the expensive [sic] of the $100 filing fee and lack of extra funds that Relator has, [sic] had to include that motion in this filing." This admission that a request in the complaint is premature precludes relief.
Accordingly, respondents' motion to dismiss is granted. Costs to relator.
LEO N. SPELLACY, J., and PATRICIA A. BLACKMON, J., CONCUR.
 _________________________ DIANE KARPINSKI PRESIDING JUDGE