On August 21, 2000, David Walker, relator, commenced a procedendo action to compel respondent, Judge Ann Mannen, to proceed to judgment on a petition for postconviction relief in C.P. Case Nos. CR-184332 and CR-194750. For the following reasons, we sua sponte dismiss relator's complaint.
Relator alleges that he filed for postconviction relief on April 3, 2000, and that respondent is unduly delaying proceeding to judgment. Before a writ of procedendo may be issued, a relator must demonstrate a clear legal right to the requested relief.Yee v. Erie County Sheriff's Department (1990), 51 Ohio St.3d 43,553 N.E.2d 1354. For example, the writ is proper in cases where a trial court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State exrel. Wallace v. Tyack (1984), 13 Ohio St.3d 4,469 N.E.2d 844; State ex rel. Doe V. Tracy (1988),51 Ohio App.3d 198. A writ of procedendo will not lie to interfere with the ordinary procedure or process of a court.State ex rel. St. Sava v. Riley (1973),36 Ohio St.2d 171, 305 N.E.2d 808.
In the case sub judice, relator alleges in his complaint that on May 31, 2000, the prosecutor filed a response to relator's postconviction motion and that relator filed a reply on June 9, 2000. On July 12, relator filed an additional motion for the trial court to consider. Given that the prosecutor is permitted time to respond to relator's additional motion, relator's procedendo action filed on August 21 is premature. Although relator instituted his postconviction action in April, the litigation between the parties has only just recently concluded. Issuance of a writ of procedendo is thus unwarranted.See State ex rel. Sherrills v. Cuyahoga Cty. Court of CommonPleas (1995), 72 Ohio St.3d 461, 650 N.E.2d 899.
Case dismissed. Costs assessed against relator. Clerk of court to serve notice upon all parties as provided in Civ.R. 58 (B).
TERRENCE O'DONNELL.J. CONCURS
 ANN DYKE ADMINISTRATIVE JUDGE