PER CURIAM OPINION.
{¶ 1} The instant action in mandamus and procedendo is presently before this court for consideration of the motion to dismiss of respondent, Judge Jerry L. Hayes of the Portage County Court of Common Pleas, Domestic Relations Division. As the basis for his motion, respondent maintains that the petition of relator, Sharon Riley, does not state any viable claim for relief because he has no legal duty to render any additional decision in the underlying action. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} The subject matter of this case concerns the propriety of a judgment which respondent issued in a divorce proceeding between relator and Patrick E. Riley. In that judgment, respondent named Patrick Riley as the residential parent for the couple's sole minor child. In bringing this action, relator asserted in her petition that the judgment in question does not constitute a final appealable order because respondent had failed to dispose of all issues pertaining to custody of the child. Based upon this, she requested that this court issue an order requiring respondent to render a new judgment addressing all pertinent issues so that she can pursue her right to a direct appeal.
 {¶ 3} In support of her prayer for relief, relator made the following allegations in her petition: (1) on July 22, 2002, respondent rendered a decree in which he granted the couple a divorce on the grounds that they were incompatible; (2) as part of the decree, respondent disposed of all pending matters in the divorce action; (3) as to the custody of the couple's sole child, respondent gave temporary "possession" of the child to relator and ordered that Patrick Riley have "parenting time" with the child in accordance with the couple's shared parenting plan; (4) respondent further ordered Patrick Riley to pay child support to relator and to provide hospitalization coverage for the child; (5) as to the naming of a permanent residential parent, respondent indicated in the July 2002 decree that that determination would be made prior to the beginning of the next school year; (6) on August 6, 2002, respondent rendered a nunc pro tunc entry which amended certain non-custody orders set forth in the original decree; (7) on October 22, 2002, respondent issued the disputed judgment in which he transferred custody of the child from relator to Patrick Riley and named Patrick as the residential parent; (8) this judgment stated that this custody arrangement would be effective only through the present school year, and that respondent would review the custody question again before naming a permanent residential parent; and (9) this judgment did not address the issues of child support and hospitalization for the child.
 {¶ 4} As the legal basis for her petition, relator argued that once respondent had ordered the transfer of custody, he had an obligation to enter new orders as to the other issues regarding their child. She further argued that since the October 2002 judgment does not contain such orders, she cannot appeal that judgment at this time because it is not a final order under R.C. 2505.02. In light of this, she sought the issuance of a writ of mandamus or procedendo to compel respondent to issue a new judgment addressing all relevant custody questions.
 {¶ 5} In now moving to dismiss relator's petition, respondent contends that the issuance of a new judgment is not necessary because the October 2002 judgment was appealable on the date it was rendered. In support of his position, respondent indicates that relator is presently maintaining an appeal from that judgment before this court.
 {¶ 6} Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by a court of appeals only if it constitutes a "final order" in the action. See, generally, Noll v. Noll, 9th Dist. Nos. 01CA007932 and 01CA007976,2002-Ohio-4154. In R.C. 2505.02(B), the Ohio Legislature has set forth five categories of a "final order" for purposes of the constitutional provision. Under this statute, if a trial court's judgment satisfies any of the five categories, it will be considered a "final order" which can be appealed immediately. For example, R.C. 2505.02(B)(2) states that a judgment is a "final order" if it "affects a substantial right made in a special proceeding * * *."
 {¶ 7} In interpreting R.C. 2505.02(B)(2), the Supreme Court of Ohio has stated that a divorce action is a "special proceeding" for purposes of this statute because such an action was not recognized at common law and was created by statute. State ex rel. Papp v. James
(1994), 69 Ohio St.3d 373, 379. Thus, since the disputed judgment in the instant case was rendered in a divorce action, that judgment would be a final order under R.C. 2505.02(B)(2) if it adversely affected a substantial right of relator. In relation to the "substantial right" issue, the Supreme Court has held that this requirement of the statute will be deemed to have been met only when the appealing party could not be afforded complete and appropriate relief in an appeal at a later date. Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63.
 {¶ 8} In applying the Bell standard to judgments rendered in divorce cases after the issuance of the final divorce decree, this court has concluded that such judgments generally cannot be appealed until all matters have been resolved by the trial court. In Buck v. Buck (1995),103 Ohio App.3d 505, the former wife moved the trial court to find the former husband in contempt for failure to pay support and determined the amount of arrearages owed. In the appealed judgment, the trial court ruled upon the arrearages issue, but did not make a final ruling on the contempt issue. In holding that the former wife could not appeal the arrearages ruling at that time, we concluded that the appealed judgment did not affect a substantial right of the former wife because she would be able to obtain appropriate relief on the arrearages issue in an appeal after the resolution of the contempt issue. See, also, Koroshazi v.Koroshazi (1996), 110 Ohio App.3d 637; O'Brien v. O'Brien (Jan. 25, 2001), 8th Dist. No. 77788, 2001 Ohio App. LEXIS 243.
 {¶ 9} In the instant case, relator essentially asserts that the foregoing precedent dictates that respondent's October 2002 judgment is not a final order because certain issues remain pending for final resolution. That is, she contends that a judgment which changes custody of a minor child does not become final until the trial court has resolved the accompanying issues of child support, medical support, hospitalization, and income tax exemptions.
 {¶ 10} After reviewing the allegations in relator's petition, this court holds that the facts of the underlying action are distinguishable from the facts in Buck to the following extent. In Buck, the pending issues before the trial court had been raised by the parties in post-decree motions. In contrast, relator has not alleged that there were any motions pending before respondent at the time the October 2002 judgment was rendered.
 {¶ 11} Relator has attached to her instant petition copies of the July 2002 divorce decree and the August 2002 nunc pro tunc entry. Our review of these two documents readily indicates that respondent intended for the divorce decree to resolve all pending issues which had been raised in the divorce complaint, except for the issue of custody of the sole minor child. Specifically, the divorce decree contained orders pertaining to the payment of child support, the maintenance of health insurance coverage, and the payment of any uninsured health expenses. In addition, the couple's shared parenting plan, which was incorporated into the divorce decree, contained a provision governing the right of the parties to "claim" the child for income tax purposes.
 {¶ 12} As a general proposition, this court would concur that any decision as to the payment of child support would be contingent on the resolution of the custody issue; as a result, it would seem logical to make a final decision on the custody issue prior to making a final determination concerning support. However, in contrast to his order in the divorce decree pertaining to custody, respondent never stated that his orders as to child support and hospitalization were temporary. Therefore, the wording of the divorce decree supports the conclusion that respondent intended for his orders on those issues to be final for purposes of the divorce decree.
 {¶ 13} Obviously, once respondent ordered the change of custody in his October 2002 judgment, it may have become necessary to modify other orders from the divorce decree pertaining to the child, especially the child support order. However, it would be incumbent on the parties to the divorce action to raise those issues in a properly framed motion before respondent. For example, if Patrick Riley believed that his child support obligation should be modified, it would be necessary for him to file such a motion before respondent.
 {¶ 14} At the time the October 2002 judgment was issued, respondent had ruled on all issues raised in the divorce complaint, and there were no motions pending before him. Furthermore, unlike the custody order contained in the divorce decree, the new custody order was not an interim order which would govern relator's rights until a report of the guardian ad litem could be filed; instead, the new order would govern her rights for an entire school year. Cf., O'Brien, supra, 2001 Ohio App. LEXIS 243. Under these circumstances, this court holds that the October 2002 judgment did affect a substantial right of relator because, as of the date of that particular judgment, there was no reason for respondent to render a subsequent judgment through which relator could appeal the new custody order and obtain appropriate relief. Therefore, the October 2002 judgment was a final order under R.C2505.02(B)(2), and relator can challenge the merits of the new custody order in her presently pending appeal.
 {¶ 15} To be entitled to a writ of procedendo, the relator in such an action must be able to demonstrate, inter alia, that the judicial officer has a clear legal duty to issue a judgment. State ex rel. Pisaniv. Cirigliano (1999), 133 Ohio App.3d 622, 625. As a result, a procedendo claim will be subject to dismissal under Civ.R. 12(B)(6) when the relator's allegations are legally insufficient to show that she will be able to prove a set of facts under which such a duty will exist. SeeState ex rel. Grove v. Nadel (1998), 81 Ohio St.3d 325, 326.
 {¶ 16} Pursuant to the foregoing analysis, this court concludes that, even when relator's allegations in the instant petition are construed in a manner most favorable to her, it is beyond doubt that she will never be able to prove that respondent has a clear legal duty to render a new judgment in the underlying divorce case. Under relator's own allegations, respondent had ruled on all matters which were pending before him at the time the October 2002 judgment was rendered. Therefore, because that judgment was immediately appealable under R.C.2505.02(B)(2), respondent had no duty to issue any additional judgment at that time. To this extent, relator's procedendo claim fails to state viable grounds for the requested relief.
 {¶ 17} The foregoing analysis also applies to relator's mandamus claim. In order to be entitled to such a writ, the relator must be able to demonstrate, inter alia, that the public official has a clear legal duty to perform the requested act. State ex rel. Manson v. Morris
(1993), 66 Ohio St.3d 440, 441. Again, because respondent's October 2002 judgment was a final appealable order, relator will never be able to prove that he has a clear legal duty to issue an additional judgment.
 {¶ 18} Finally, this court would indicate that a viable claim in either procedendo or mandamus cannot exist unless the relator can also establish that he lacks an adequate remedy at law. See Pisani, at 625;Manson, at 441. In light of our analysis concerning the appealability of the October 2002 judgment, it also follows that relator in the instant matter has an adequate legal remedy through her pending appeal of that judgment. As a result, relator's own allegations support the conclusion that she would unable to prove two elements of each claim in her petition.
 {¶ 19} Since both of relator's claims fail to state viable grounds for either writ, respondent's motion to dismiss under Civ.R. 12(B)(6) is granted. It is the order of this court that relator's petition in mandamus and procedendo is hereby dismissed.
DONALD R. FORD, P.J., JUDITH A. CHRISTLEY, J., and WILLIAM M. O'NEILL, J., concur.