OPINION *Page 2 
{¶ 1} This case originated upon the filing of Petitioner's Complaint in Procedendo. Respondent, Judge Charles Lowman, in turn, filed an answer. Both parties have filed briefs with this Court.
 {¶ 2} On July 31, 2007, Petitioner filed a complaint in the Morrow County Court of Common Pleas against the Morrow County Board of Commissioners, Morrow County Engineer, South Bloomfield Township Board of Trustees, James W. Furrow III, and Mary E. Nyeste alleging negligence in maintaining a stop sign. On the same date, Petitioner also filed a complaint in the Ohio Court of Claims against the State of Ohio and the Ohio Department of Transportation based upon similar allegations.
 {¶ 3} On January 8, 2008, the Court of Claims issued a stay of its case. The defendants in the Morrow County case filed a motion for stay on May 20, 2008, which Respondent granted on June 10, 2008.
 {¶ 4} To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." Miley, supra, at 65, citing State ex rel. Sherrills v. Cuyahoga Cty. Court of CommonPleas (1995), 72 Ohio St.3d 461, 462. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." State ex rel. Davey v. Owen, 133 Ohio St. 96, *106, 12 N.E.2d 144, 149 (1937). *Page 3 
 {¶ 5} An "inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy."State ex rel. Levin v. Sheffield Lake (1994), 70 Ohio St.3d 104, 110.
 {¶ 6} "A writ of procedendo will issue requiring a judge to proceed to final judgment where the judge erroneously stayed the proceeding based on a pending case which has no effect on jurisdiction to proceed. See,State ex rel. Davey v. Owen (1937), 133 Ohio St. 96, 105-106,10 O.O. 102, 106, 12 N.E.2d 144, 149." State ex rel. Weiss v. Hoover (1999),84 Ohio St.3d 530.
 {¶ 7} In a case similar to the case at bar, the Supreme Court held a writ of procedendo should issue where a trial court abuses its discretion in issuing an indefinite stay, "[W]e find that the situation in the case at bar presents such an abuse of discretion because both the Court of Claims and the court of common pleas have issued stays of proceedings, thereby precluding Edwards from litigating his wrongful death claim. We cannot agree that the interests of Judge Tyack and Judge Crawford in preserving their right to control their dockets is paramount to Edwards' interest in having his claims litigated without undue delay." State ex rel. Wallace v. Tyack (1984), 13 Ohio St.3d 4,469 N.E.2d 844. The delay which has been imposed in this case unjustifiably interferes with Petitioner's right to have her claims litigated.
 {¶ 8} The Writ of Procedendo is issued. Respondent shall place the underlying case on Respondent's active docket. *Page 4 
 {¶ 9} WRIT ISSUED.
Farmer, P.J. Edwards, J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Petitioner's Writ of Procedendo is hereby issued. Costs taxed to Respondent. *Page 1