NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4557

THE STATE EX REL. GOPP, APPELLANT, *v.* WIEST, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Gopp v. Wiest,* **Slip Opinion No. 2014-Ohio-4557.]**

*Mandamus—Procedendo—Relator seeks to compel trial judge to issue new sentencing entry—Relator had adequate remedy by way of appeal—Writ denied.*

(No. 2014-0463—Submitted October 7, 2014—Decided October 16, 2014, 2014.)

APPEAL from the Court of Appeals for Wayne County, No. 13CA0057.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals granting the motion to dismiss of appellee, Judge Mark K. Wiest, and dismissing the petition of appellant, Clayton Gopp, for writs of mandamus and/or procedendo. Because Gopp has an adequate remedy at law, he is not entitled to the writs.

{¶ 2} To obtain a writ of mandamus, Gopp must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Wiest to grant it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶ 3}** Similarly, for a writ of procedendo, Gopp must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

**{¶ 4}** As pointed out by the court of appeals, for both writs, Gopp must show that he lacked an adequate remedy in the ordinary course of the law. Gopp filed with Judge Wiest a motion to vacate the criminal judgment against him and to withdraw his guilty plea. Wiest denied the motion on May 14, 2013. Rather than appealing that denial, Gopp filed a new case in the court of appeals seeking mandamus and procedendo.

**{¶ 5}** Gopp had a remedy by way of the motion to vacate his sentence, which he did file, and an appeal from the denial of that motion, which he did not. He therefore had an adequate remedy at law. He is not entitled to either writ, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Clayton Gopp, pro se.

Daniel R. Lutz, Wayne County Prosecuting Attorney, and Nathan R. Shaker, Assistant Prosecuting Attorney, for appellee.

_____