[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Schroeder v. Cleveland,* Slip Opinion No. 2016-Ohio-8105.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8105

THE STATE EX REL. SCHROEDER ET AL. *v.* THE CITY OF CLEVELAND ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Schroeder v. Cleveland,* Slip Opinion No. 2016-Ohio-8105.]**

*Mandamus—Relators had adequate remedy in ordinary course of law by way of intervention in declaratory-judgment case—Cause dismissed.*

(No. 2015-1831—Submitted August 30, 2016—Decided December 14, 2016.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relators, 11 captains and 1 battalion chief in the Cleveland Fire Department, filed this action in mandamus against respondents, the city of Cleveland and its mayor, seeking immediate cessation of the noncompetitive examination process that the city is currently using for promotion within the fire department. The firefighters' union challenged that process on the same grounds in a declaratory-injunction action in the Cuyahoga County Court of Common Pleas.

Relators filed a motion to intervene in that action but withdrew the motion after the judge failed to rule on it.

{¶ 2} The declaratory-judgment complaint requested relief almost identical to the relief requested here. Relators therefore had an adequate remedy at law by way of intervening in the declaratory judgment-case, precluding a writ of mandamus here. We therefore dismiss relators' action.

*Facts and Procedural History*

**Background**

{¶ 3} Relators allege that each of them is eligible for promotion in the Cleveland Fire Department but was deprived of the opportunity to take a competitive promotional examination. Relators assert that a competitive exam designed to test for merit and fitness for promotion is required by Article XV, Section 10 of the Ohio Constitution, R.C. Chapter 124, Cleveland City Charter Sections 126 and 128, and Cleveland Civil Service Commission Rules 4.60 and 4.70.

{¶ 4} According to relators' complaint, rather than comply with these provisions, in March 2014, Cleveland created a noncompetitive examination process, which relators describe as "highly unorthodox." The process consisted of the submission of an applicant's resume and an interview by panel members who varied in number depending on the day. Relators assert that they were denied promotions to battalion chief or assistant chief after applying through this process.

*Assn. of Cleveland Firefighters, Local 93 I.A.F.F. v. Cleveland*

{¶ 5} On March 20, 2014, the Association of Cleveland Firefighters, Union Local 93 I.A.F.F., filed a complaint and a motion for a temporary restraining order and preliminary injunction in the Cuyahoga County Court of Common Pleas, seeking to stop the city from using the noncompetitive examination process for promotion in the fire department.

{¶ 6} After holding a hearing on the union's motion, the trial court dismissed the union's claims sua sponte, concluding that the court lacked jurisdiction in light of the union's failure to exhaust its remedies under a collective-bargaining agreement. The union appealed, and Cleveland cross-appealed. On April 23, 2015, the Eighth District Court of Appeals reversed and remanded. *Assn. of Cleveland Firefighters, Local 93 I.A.F.F. v. Cleveland*, 2015-Ohio-1538, 31 N.E.3d 1285 (8th Dist.).

{¶ 7} In the meantime, between January and March 2015, Cleveland promoted six fire captains to fill battalion-chief positions. These newly promoted battalion chiefs never passed a competitive promotional exam, which relators assert is required by law.

{¶ 8} Following a hearing held upon remand from the court of appeals, the trial court granted the union's requested preliminary injunction and prohibited Cleveland from administering its noncompetitive examination process for promotion in the fire department. Between June 26 and September 15, 2015, several interested parties filed motions to intervene in the case that the trial court ultimately granted.

{¶ 9} In the meantime, on September 8, 2015, relators filed their own motion to intervene, and Cleveland filed a response in opposition. After the trial court failed to rule on their motion, relators withdrew it on November 12, 2015.

{¶ 10} In March 2016, the union and Cleveland each filed a motion for summary judgment. After the parties had submitted briefs and evidence in this case, on September 12, 2016, the trial court issued a judgment entry and opinion in *Assn. of Cleveland Firefighters* dismissing the action.

**The mandamus action**

{¶ 11} On November 13, 2015, one day after withdrawing their motion to intervene in *Assn. of Cleveland Firefighters*, relators filed in this court a complaint for a writ of mandamus. Relators assert in their complaint that they have a clear

legal right to require that Cleveland choose battalion chiefs and assistant chiefs from among the three highest scores in a competitive promotional exam, that they have no adequate remedy in the ordinary course of the law, and that Cleveland has no lawful reason for refusing to offer a competitive exam or for filling the positions with firefighters who do not rank among the top three scores in a competitive exam. Relators request that this court order Cleveland to immediately offer a competitive promotional exam to all firefighters who were eligible to sit for such a test when the noncompetitive examination process was announced in March 2014, fill all battalion-chief and assistant-chief positions available since March 2014 with firefighters who rank in the top three of that competitive test, make those promotions retroactive to the date each would have been effective if Cleveland had complied with the law, and provide back pay and benefits to the firefighters promoted under the new competitive process.

{¶ 12} Cleveland filed a motion to dismiss, and relators filed a memorandum in opposition. We denied the motion to dismiss and issued an alternative writ. 145 Ohio St.3d 1454, 2016-Ohio-2807, 49 N.E.3d 317. The parties have submitted evidence and briefs.

*Analysis*

**Mandamus**

{¶ 13} To be entitled to extraordinary relief in mandamus, relators must establish a clear legal right to the requested relief, a clear legal duty on the part of Cleveland to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Relators must prove that they are entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

**Adequate remedy at law**

{¶ 14} Cleveland argues that relators' claims are similar to those asserted by the firefighters' union in *Assn. of Cleveland Firefighters*, the declaratory-

4

judgment action that it filed in the common pleas court, and that intervention in that case constituted an adequate remedy at law.

{¶ 15} Relators here did move to intervene in *Assn. of Cleveland Firefighters*. Their motion was not ruled on for more than two months, even though other parties' motions to intervene were filed after theirs and were granted. Relators claim that their interests were not represented in the declaratory-injunction action and that the trial court had "no intention of ruling on" their motion to intervene. They also claim that Cleveland opposed their attempts to intervene at every juncture in that case and that they lacked an adequate remedy by way of intervention.

{¶ 16} Relators argue that the trial court's failures to rule on their motion to intervene and to allow their counsel to participate in a status conference regarding the possibility of mediation were not appealable. Relators further argue that they would not have been allowed to participate in mediation, scheduled for November 19, 2015, and that their interests would not have been protected if the mediation had proceeded without them. Relators therefore withdrew their motion to intervene in *Assn. of Cleveland Firefighters* and filed this action instead.

{¶ 17} Cleveland emphasizes that relators had a right to intervene in *Assn. of Cleveland Firefighters* but did not choose to "join in [ ] the complaint filed by their Union" and withdrew the motion to intervene that they had filed.

{¶ 18} The general rule is that a pending declaratory-judgment action may bar a mandamus action but only when intervention in the pending action is an adequate remedy in the ordinary course of the law. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 119 Ohio St.3d 11, 2008-Ohio-3181, 891 N.E.2d 320, ¶ 16. An alternative remedy is adequate only if it is "complete, beneficial, and speedy." *State ex rel. N. Main St. Coalition v. Webb*, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 41, citing *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas*, 106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 19.

Even though an incomplete remedy by itself, a declaratory judgment may be an adequate remedy if it is coupled with ancillary relief in the form of a mandatory injunction. *Id.* at ¶ 42, citing *State ex rel. Webb v. Bliss*, 99 Ohio St.3d 166, 2003-Ohio-3049, 789 N.E.2d 1102, ¶ 23.

{¶ 19} The question here, therefore, is whether intervention in *Assn. of Cleveland Firefighters* was an adequate remedy in the ordinary course of the law. The complaint in that case shows that the union asked not only for declaratory and injunctive relief but also for relief in mandamus.

{¶ 20} More specifically, the union in *Assn. of Cleveland Firefighters* challenged the noncompetitive examination process used by Cleveland as violating Article XV, Section 10 of the Ohio Constitution, R.C. Chapter 124, sections 126 and 128 of the Cleveland Charter, and Cleveland Civil Service Commission Rules 4.60 and 4.70. The union requested a declaratory judgment that all vacancies in the promoted ranks created since the expiration of the last civil-service-eligibility list, as well as all future vacancies, be filled by a competitive examination process and that the noncompetitive process is unconstitutional and in violation of the law. The union requested preliminary and permanent injunctions prohibiting the administration of the noncompetitive process for promotions and that the status quo be maintained by prohibiting any future promotions from taking place without a competitive exam. And the union requested a writ of mandamus ordering Cleveland to immediately administer competitive exams, certify eligibility lists to restore the promotional cycle, and fill all promotional vacancies from that list.[1]

---

[1] The request for a writ of mandamus appears in the amended complaint; the original complaint, filed in March 2014, was not submitted as evidence in this case. Although the trial court did not grant leave to amend the complaint until December 10, 2015 (nearly one month after relators filed their complaint in this case), the union in *Assn. of Cleveland Firefighters* had already filed on September 10, 2015, a copy of its proposed complaint as an attachment to its motion to amend the original complaint.

6

{¶ 21} Relators challenge the noncompetitive examination process on the same grounds as the union did in *Assn. of Cleveland Firefighters* and, like the union in that case, seek the immediate return of the competitive examination process. Relators cite the same constitutional, statutory, and local-regulatory provisions of the law in support of their position as the union did in *Assn. of Cleveland Firefighters*. The only relief requested here that was not specifically requested in the common pleas case is back pay and benefits to firefighters who were eligible to be promoted under the competitive exams but who were not promoted under the noncompetitive scheme. However, a party wishing to intervene is required to provide "a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought." Civ.R. 24(C). Relators here could have asserted in a complaint accompanying their motion to intervene in *Assn. of Cleveland Firefighters* any additional claims they wished to assert in that case, including a claim for back pay and benefits. Thus, relators could have intervened in the *Assn. of Cleveland Firefighters* declaratory-judgment action and, if successful, obtained all the relief they seek here. *Assn. of Cleveland Firefighters* therefore provided complete relief; intervention in that case would have constituted an adequate remedy in the ordinary course of the law, precluding a writ of mandamus here.

{¶ 22} Relators assert that Cleveland has attempted to thwart every effort they made to intervene in that case. They emphasize that the trial court did not rule on their motion to intervene and had scheduled mediation without having allowed their intervention.

{¶ 23} But relators could have filed an action in procedendo to force the trial court to grant or deny their motion to intervene. If, as they assert, they had a substantial right that was not otherwise represented in the litigation and that "in effect determine[d] the action and prevent[ed] a judgment" on their claims, a denial of the motion to intervene would have been an appealable order. R.C.

2505.02(B)(1); *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 7-8.

{¶ 24} Moreover, the fact that the union's claims in *Assn. of Cleveland Firefighters* have been dismissed is immaterial. If an adequate remedy was available but the party failed to take advantage of it or is time-barred from using it, mandamus will not lie to substitute for that remedy. *State ex rel. Johnson v. Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn.*, 73 Ohio St.3d 189, 193, 652 N.E.2d 750 (1995).

*Conclusion*

{¶ 25} Relators had an adequate remedy in the ordinary course of the law by way of intervention in *Assn. of Cleveland Firefighters.* We therefore dismiss this action on that basis.

Cause dismissed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by KENNEDY and FRENCH, JJ.

_____

**O'DONNELL, J., dissenting.**

{¶ 26} Respectfully, I dissent.

{¶ 27} In this case, 11 captains and 1 battalion chief in the Cleveland Fire Department seek a writ of mandamus to compel the city of Cleveland to determine their eligibility for promotion in the fire department through competitive promotional examinations.

{¶ 28} The threshold question in this case is whether relators had an adequate remedy at law precluding us from issuing a writ of mandamus. The majority concludes that an adequate remedy existed, because relators had moved to intervene in a declaratory judgment action brought by the Association of Cleveland Firefighters, Union Local 93 I.A.F.F., which raised similar claims in the Cuyahoga

County Common Pleas Court. It further notes that even though the trial court failed to rule on that motion, relators nonetheless had an adequate remedy because they could have sought a writ of procedendo to compel the trial court to grant or deny intervention.

{¶ 29} Filing a motion to intervene in the union's declaratory judgment action did not provide an adequate remedy at law.

{¶ 30} First, the trial court never ruled on the motion to intervene, and although relators could have sought a writ of procedendo, a great writ is an *extraordinary* remedy that will lie only if there is no adequate remedy in the *ordinary* course of the law, *State ex rel. St. Sava Serbian Orthodox Church of Cleveland v. Riley*, 36 Ohio St.2d 171, 174, 305 N.E.2d 808 (1973); *State ex rel. Gopp v. Wiest*, 141 Ohio St.3d 88, 2014-Ohio-4557, 21 N.E.3d 1052, ¶ 3. And, while the majority relies on *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, for the proposition that denial of the motion to intervene would have been an appealable order, *Southside* is not applicable because the trial court failed to rule on the motion to intervene, and therefore no order ever existed from which to appeal.

{¶ 31} Second, the union's declaratory judgment action—which relators were never parties to—was not an adequate remedy barring mandamus relief. As this court explained in *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, "[s]tanding alone, a declaratory judgment cannot compel a government official to perform a specific legal duty," and therefore "a declaratory judgment must be accompanied with injunctive relief in the form of a mandatory injunction in order to successfully compel the government to act." *Id.* at ¶ 10.

{¶ 32} Contrary to the assertion in the majority's opinion, the union's complaint did not seek a mandatory injunction compelling official action. Rather, it sought a declaratory judgment that all vacancies in the promoted ranks created

since the expiration of the last civil-service-eligibility list and all future vacancies must be filled by a competitive examination process and, in addition, a declaration that the noncompetitive process violates the Ohio Constitution, R.C. Chapter 124, city ordinances, and civil service rules. It also sought a preliminary and permanent injunction to prohibit the city from giving promotions without administering competitive examinations and ranking candidates for promotion by their scores.

{¶ 33} A mandatory injunction is "an extraordinary remedy that compels the defendant to restore a party's rights through an affirmative action." *State ex rel. Gen. Motors Corp.* at ¶ 12. But here, the union requested preliminary and permanent injunctions, which are prohibitory injunctions that "enjoin[ ] a defendant from performing the challenged acts in the future," *id*. Thus, the majority blurs the distinction between a prohibitory and a mandatory injunction: "a prohibitory injunction is used to prevent a future injury, but a mandatory injunction is used to remedy past injuries," *id.*

{¶ 34} As we explained in *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 119 Ohio St.3d 11, 2008-Ohio-3181, 891 N.E.2d 320, ¶ 16, a pending declaratory judgment action does not preclude a mandamus action "when—as here—the pending declaratory judgment action does not provide an adequate remedy." In the circumstances of this case, a declaratory judgment action would not be a complete remedy unless coupled with ancillary relief in the nature of a mandatory injunction. Because the union's declaratory judgment action did not seek a mandatory injunction, it was not a complete remedy, and therefore it cannot "constitute an adequate remedy so as to preclude the requested extraordinary relief in mandamus," *id.* at ¶ 14.

{¶ 35} At the time relators filed their action in this court, the union's complaint apparently had not yet been amended to add the count seeking a writ of mandamus to compel action by the city. Yet the majority asserts that relators' motion to intervene was nonetheless an adequate remedy in the ordinary course of

law, because the claims presented in the subsequently *amended* complaint would have afforded an adequate remedy. Whether or not that hypothesis is true, the reality is that relators were never made parties to the common pleas court action and never sought to intervene after the union subsequently sought a writ of mandamus because they became litigants in this original action, and neither the majority nor the city points to any authority for the proposition that relators were *required* to intervene in the union's action seeking a writ of mandamus in order to protect their rights.

{¶ 36} In addition, filing a motion to intervene in an action seeking a writ of mandamus is not an adequate remedy in the *ordinary* course of law, because a great writ is an *extraordinary* remedy, not an ordinary one. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977). As we explained in *State ex rel. Pressley v. Indus. Commission*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967),

> The extraordinary remedies of statutory mandamus and statutory mandatory injunction are not plain and adequate remedies in the ordinary course of the law and the availability of these extraordinary remedies in the Common Pleas Court is not a ground upon which the Supreme Court can adopt or adhere to a rule that it is error for the Supreme Court or the Court of Appeals to exercise jurisdiction in a mandamus action filed originally therein.

*Id*. at paragraph six of the syllabus.

{¶ 37} If relators' right to file a mandamus action in the common pleas court does not preclude them from bringing a mandamus action in this court, then the right to seek intervention in a third party's action when the claimant has sought but not yet been granted leave to amend the complaint to add a claim for mandamus relief is likewise not an adequate remedy in the ordinary course of law.

**{¶ 38}** For these reasons, relators' motion to intervene in the union's declaratory judgment action was not an adequate remedy in the ordinary course of law and does not preclude them from seeking mandamus relief in this court. But to establish entitlement to the requested writ of mandamus, relators also needed to establish a clear legal right to the relief requested and a clear legal duty on the part of the city to provide it. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18. Relators met that burden.

**{¶ 39}** Article XV, Section 10 of the Ohio Constitution requires promotions in the city's civil service to be "made according to merit and fitness," which is "to be ascertained, as far as practicable, by competitive examinations," and it mandates the passage of laws "providing for the enforcement of this provision." Pursuant to this authority, the General Assembly enacted R.C. 124.45, which requires that "[v]acancies in positions above the rank of regular fire fighter in a fire department shall be filled by competitive promotional examinations." The legislature's use of the word "shall" is understood to mean a mandatory obligation, and it is not left to the discretion of the city to decide the manner in which promotions in the fire department should be made.

**{¶ 40}** And the city's own civil service rules provide that noncompetitive examinations may be used only for positions requiring "peculiar and exceptional qualifications of a scientific, managerial, professional, or educational character." Cleveland Civil Service Rule 4.60. The positions of assistant chief and battalion chief do not fall within those categories. Nor does the position of fire chief, because the city's assistant public safety director, Edward Eckart Jr., admitted that the city planned to fill the position of fire chief through a competitive examination.

**{¶ 41}** The noncompetitive process adopted by the city to make promotions to the positions of assistant chief and battalion chief is contrary to the Ohio Constitution, violates R.C. 124.45 and Cleveland Civil Service Rule 4.60, and therefore is not the vehicle to be used to fill vacancies in these positions.

**{¶ 42}** Accordingly, relators did not have an adequate remedy in the ordinary course of law by intervening in the common pleas court action, and the Ohio Constitution, R.C. 124.45, and the city's civil services rules required the city to determine eligibility for promotion in the Cleveland Fire Department through competitive promotional examinations.

**{¶ 43}** Therefore, I would grant the requested writ of mandamus.

KENNEDY and FRENCH, JJ., concur in the foregoing opinion.

_____

The Lefton Group, L.L.C., Karen C. Lefton, and Timothy D. Smith, for relators.

Barbara A. Langhenry, Cleveland Director of Law, and Annette G. Butler and Aikaterini Houston, Assistant Directors of Law, for respondents.

_____