O’Donnell, J.,
dissenting.
{¶ 26} Respectfully, I dissent.
{¶ 27} In this case, 11 captains and 1 battalion chief in the Cleveland Fire Department seek a writ of mandamus to compel the city of Cleveland to determine their eligibility for promotion in the fire department through competitive promotional examinations.
{¶ 28} The threshold question in this case is whether relators had an adequate remedy at law precluding us from issuing a writ of mandamus. The majority concludes that an adequate remedy existed, because relators had moved to intervene in a declaratory judgment action brought by the Association of Cleveland Firefighters, Union Local 93 I.A.F.F., which raised similar claims in the Cuyahoga County Common Pleas Court. It further notes that even though the trial court failed to rule on that motion, relators nonetheless had an adequate remedy because they could have sought a writ of procedendo to compel the trial court to grant or deny intervention.
{¶ 29} Filing a motion to intervene in the union’s declaratory judgment action did not provide an adequate remedy at law.
{¶ 30} First, the trial court never ruled on the motion to intervene, and although relators could have sought a writ of procedendo, a great writ is an extraordinary remedy that will lie only if there is no adequate remedy in the ordinary course of the law, State ex rel. St. Sava Serbian Orthodox Church of Cleveland v. Riley, 36 Ohio St.2d 171, 174, 305 N.E.2d 808 (1973); State ex rel. Gopp v. Wiest, 141 Ohio St.3d 88, 2014-Ohio-4557, 21 N.E.3d 1052, ¶ 3. And, while the majority relies on Southside Community Dev. Corp. v. Levin, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, for the proposition that denial of the motion to intervene would have been an appealable order, Southside is not applicable because the trial court failed to rule on the motion to intervene, and therefore no order ever existed from which to appeal.
*141 {¶ 31} Second, the union’s declaratory judgment action—which relators were never parties to—was not an adequate remedy barring mandamus relief. As this court explained in State ex rel. Gen. Motors Corp. v. Indus. Comm., 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, “[standing alone, a declaratory judgment cannot compel a government official to perform a specific legal duty,” and therefore “a declaratory judgment must be accompanied with injunctive relief in the form of a mandatory injunction in order to successfully compel the government to act.” Id. at ¶ 10.
{¶ 32} Contrary to the assertion in the majority’s opinion, the union’s complaint did not seek a mandatory injunction compelling official action. Rather, it sought a declaratory judgment that all vacancies in the promoted ranks created since the expiration of the last civil-service-eligibility list and all future vacancies must be filled by a competitive examination process and, in addition, a declaration that the noncompetitive process violates the Ohio Constitution, R.C. Chapter 124, city ordinances, and civil service rules. It also sought a preliminary and permanent injunction to prohibit the city from giving promotions -without administering competitive examinations and ranking candidates for promotion by their scores.
{¶ 33} A mandatory injunction is “an extraordinary remedy that compels the defendant to restore a party’s rights through an affirmative action.” State ex rel. Gen. Motors Corp. at ¶ 12. But here, the union requested preliminary and permanent injunctions, which are prohibitory injunctions that “enjoin[ ] a defendant from performing the challenged acts in the future,” id. Thus, the majority blurs the distinction between a prohibitory and a mandatory injunction: “a prohibitory injunction is used to prevent a future injury, but a mandatory injunction is used to remedy past injuries,” id.
{¶ 34} As we explained in State ex rel. Gilmour Realty, Inc. v. Mayfield Hts., 119 Ohio St.3d 11, 2008-Ohio-3181, 891 N.E.2d 320, ¶ 16, a pending declaratory judgment action does not preclude a mandamus action “when—as here—the pending declaratory judgment action does not provide an adequate remedy.” In the circumstances of this case, a declaratory judgment action would not be a complete remedy unless coupled with ancillary relief in the nature of a mandatory injunction. Because the union’s declaratory judgment action did not seek a mandatory injunction, it was not a complete remedy, and therefore it cannot “constitute an adequate remedy so as to preclude the requested extraordinary relief in mandamus,” id. at ¶ 14.
{¶ 35} At the time relators filed their action in this court, the union’s complaint apparently had not yet been amended to add the count seeking a writ of mandamus to compel action by the city. Yet the majority asserts that relators’ motion to intervene was nonetheless an adequate remedy in the ordinary course of law, because the claims presented in the subsequently amended complaint *142 would have afforded an adequate remedy. Whether or not that hypothesis is true, the reality is that relators were never made parties to the common pleas court action and never sought to intervene after the union subsequently sought a writ of mandamus because they became litigants in this original action, and neither the majority nor the city points to any authority for the proposition that relators were required, to intervene in the union’s action seeking a writ of mandamus in order to protect their rights.
{¶ 36} In addition, filing a motion to intervene in an action seeking a writ of mandamus is not an adequate remedy in the ordinary course of law, because a great writ is an extraordinary remedy, not an ordinary one. State ex rel. Taylor v. Glasser, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977). As we explained in State ex rel. Pressley v. Indus. Comm., 11 Ohio St.2d 141, 228 N.E.2d 631 (1967),
The extraordinary remedies of statutory mandamus and statutory mandatory injunction are not plain and adequate remedies in the ordinary course of the law and the availability of these extraordinary remedies in the Common Pleas Court is not a ground upon which the Supreme Court can adopt or adhere to a rule that it is error for the Supreme Court or the Court of Appeals to exercise jurisdiction in a mandamus action filed originally therein.
Id. at paragraph six of the syllabus.
{¶ 37} If relators’ right to file a mandamus action in the common pleas court does not preclude them from bringing a mandamus action in this court, then the right to seek intervention in a third party’s action when the claimant has sought but not yet been granted leave to amend the complaint to add a claim for mandamus relief is likewise not an adequate remedy in the ordinary course of law.
{¶ 38} For these reasons, relators’ motion to intervene in the union’s declaratory judgment action was not an adequate remedy in the ordinary course of law and does not preclude them from seeking mandamus relief in this court. But to establish entitlement to the requested writ of mandamus, relators also needed to establish a clear legal right to the relief requested and a clear legal duty on the part of the city to provide it. State ex rel. Manley v. Walsh, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18. Relators met that burden.
{¶ 39} Article XV, Section 10 of the Ohio Constitution requires promotions in the city’s civil service to be “made according to merit and fitness,” which is “to be ascertained, as far as practicable, by competitive examinations,” and it mandates the passage of laws “providing for the enforcement of this provision.” Pursuant to this authority, the General Assembly enacted R.C. 124.45, which requires that *143 “[v]acancies in positions above the rank of regular fire fighter in a fire department shall be filled by competitive promotional examinations.” The legislature’s use of the word “shall” is understood to mean a mandatory obligation, and it is not left to the discretion of the city to decide the manner in which promotions in the fire department should be made.
The Lefton Group, L.L.C., Karen C. Lefton, and Timothy D. Smith, for relators.
Barbara A. Langhenry, Cleveland Director of Law, and Annette G. Butler and Aikaterini Houston, Assistant Directors of Law, for respondents.
{¶ 40} And the city’s own civil service rules provide that noncompetitive examinations may be used only for positions requiring “peculiar and exceptional qualifications of a scientific, managerial, professional, or educational character.” Cleveland Civil Service Rule 4.60. The positions of assistant chief and battalion chief do not fall within those categories. Nor does the position of fire chief, because the city’s assistant public safety director, Edward Eckart Jr., admitted that the city planned to fill the position of fire chief through a competitive examination.
{¶ 41} The noncompetitive process adopted by the city to make promotions to the positions of assistant chief and battalion chief is contrary to the Ohio Constitution, violates R.C. 124.45 and Cleveland Civil Service Rule 4.60, and therefore is not the vehicle to be used to fill vacancies in these positions.
{¶ 42} Accordingly, relators did not have an adequate remedy in the ordinary course of law by intervening in the common pleas court action, and the Ohio Constitution, R.C. 124.45, and the city’s civil services rules required the city to determine eligibility for promotion in the Cleveland Fire Department through competitive promotional examinations.
{¶ 43} Therefore, I would grant the requested writ of mandamus.
Kennedy and French, JJ., concur in the foregoing opinion.